

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2007

# Curbison v. US Govt

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1041

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Curbison v. US Govt" (2007). *2007 Decisions.* Paper 876.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/876

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-254                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1041
_____

ACHILLES CURBISON,

Appellant

v.

UNITED STATES GOVERNMENT OF NEW JERSEY, and their officials; JOHN
DOES, BOARD OF DIRECTORS OF THE BAYER CORP.; PHILLIP L. BUVIA, FBI
AGENT; ROBERT J. CLEARY, UNITED STATES ATTORNEY; EDWARD R.
DAVIS, AGENT, FBI; JOHN DOE, CHIEF EXECUTIVE OFFICER/PRESIDENT THE
BAYER CORP.; ESQ. ROTAN E. LEE; MICHAEL T. POULTON, AGENT, FBI;
TIMOTHY J.P. QUINLAN; ANDREW SCHIFF, ASSISTANT UNITED STATES
ATTORNEY; THE BAYER CORPORATION; THE UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-05280)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted For Possible Dismissal Due to a Jurisdictional Defect or Under 28 U.S.C.
§ 1915(e)(2)(B)
May 31, 2007

Before:  RENDELL, SMITH AND JORDAN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: June 27, 2007)
_____

OPINION
_____

PER CURIAM

Achilles Curbison appeals from the order of the United States District Court for the District of New Jersey granting defendants' respective motions to dismiss and for summary judgment. Because we conclude that this appeal lacks an arguable basis, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

On November 7, 2005, the District Court Clerk received from Curbison a pro se complaint together with an application to proceed in forma pauperis. The District Court granted his application but directed Curbison to file an amended complaint. Curbison filed his amended complaint on January 27, 2006.

Curbison's amended complaint was 150 pages long with 832 numbered paragraphs. In addition to Curbison, the amended complaint included as plaintiffs two entities solely owned by him, Neleh Co., LLC, and Black Eagle, Inc. The pleading contained seventeen claims against the following named defendants: (1) Bayer Corporation, the Chief Executive Officer/President of Bayer, and Bayer's Board of Directors (collectively "Bayer Defendants"); (2) the United States of America, retired FBI Special Agent Phillip L. Buvia, former United States Attorney Robert J. Cleary, FBI Agent Edward R. Davis, FBI Agent Michael Poulton, Assistant United States Attorney Andrew Schiff, and various unknown federal employees (collectively "Federal

2

Defendants"); and (3) Timothy J.P. Quinlan.[1]  In essence, Plaintiffs alleged that the defendants tortiously seized and disposed of their real estate and their two motor vehicles through check forgery litigation commenced by Bayer and a civil forfeiture proceeding by the government, violated Plaintiffs' civil rights, and misrepresented themselves and the true facts to the court through a conspiracy to obtain Plaintiffs' property.

In an order entered on December 8, 2006, the District Court granted defendants' respective motions to dismiss or for summary judgment as well as the Federal Defendants' application for an extension of time to answer, move, or otherwise respond. It accordingly denied Curbison's motion for judgment on the pleadings on account of the Federal Defendants' failure to file a timely answer or otherwise respond to the amended complaint.  The District Court further denied his motion for leave to file a counterclaim adding new defendants but did so without prejudice "to Plaintiff filing a motion for leave of court to amend his Amended Complaint under Fed. R. Civ. P. 15(a) within 20 days of the entry of this Order."  The District Court stated its reasoning in a separate opinion.

On December 26, 2006, Curbison filed a motion for leave to amend his complaint. In this motion, he sought to file a new pleading against four new defendants.[2]  On January

---

[1]  The amended complaint listed a number of additional defendants, including Rotan E. Lee, Esq.  However, plaintiffs asserted no substantive claims against them, acknowledging that because of time constraints and limited access to the prison library and legal reference materials, such claims "have been excluded from this complaint."

[2]  The four new defendants were: (1) Summit Bank; (2) William N. Levy, Esquire; (3) Levy & Levy P.A.; and (4) Lee.  Lee was Curbison's attorney in connection with the government forfeiture investigation and proceeding.  The other three parties were

3

8, 2007, Curbison filed a timely notice of appeal. The Court granted his request for in forma pauperis status on appeal. Curbison also filed with this Court a self-styled "petition for review on writ of certiorari," seeking relief from the District Court's ruling on the grounds of fraud.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. 1291.[3] Because Curbison is proceeding in forma pauperis, we must review this appeal to determine whether it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This Court

originally named as defendants by Bayer in its check forgery case, and they then brought a third-party complaint against Neleh and others. All four were included in Curbison's earlier attempt to file a counterclaim.

[3] This appeal was submitted for possible dismissal because of the apparent absence of a final order disposing of all of the claims as to all parties. The District Court's order, however, did finally dispose of all claims in Curbison's amended complaint as to all actually named and served defendants. While denying Curbison's motion for leave to file a counterclaim, the District Court permitted Curbison to file a motion for leave to file an amended complaint naming new defendants. But it made it clear that "any proposed pleading cannot contain claims already dismissed in this opinion and accompanying order" and also implied that no claims could be added as to the dismissed defendants. Curbison complied with this directive in his subsequently filed motion for leave, limiting his proposed pleading to naming four new defendants and refraining from bringing any claims against the dismissed defendants. In essence, Curbison's proposed pleading sought to commence a new action (although under the same case number and before the same judge) against several new and as yet unserved defendants. Although a return of service form appears to show that Lee had been served with the earlier amended complaint, that pleading expressly disavowed any claims against Curbison's former attorney, and Lee was never served with the new proposed pleading. The District Court's December 8, 2006 dismissal of the claims against all of the served defendants therefore is final and appealable under 28 U.S.C. § 1291. Cf. Gomez v. Gov't of the Virgin Islands, 882 F.2d 733, 736 (3d Cir. 1989) (stating that named but not served defendant is not a "party").

4

dismisses an appeal if it "lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Curbison's appeal lacks such a basis.

Preliminarily, the District Court properly dismissed the amended complaint as to plaintiffs Neleh and Black Eagle because Curbison, as a non-attorney, could not legally represent two corporate entities. See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993). It also acted well within its discretion in granting the Federal Defendants' motion for an extension of time to answer and denying Curbison's motion for judgment on the pleadings because of a lack of a timely answer. Even if not requested within the 60-day period after service of the amended complaint, the extension of time caused no prejudice to Curbison, who had an ample opportunity to respond to the Federal Defendants' motion to dismiss.

The District Court was correct in dismissing Curbison's claims against the Bayer Defendants because of the lack of subject matter jurisdiction. While Curbison alleged that his property was unlawfully seized because of the litigation filed by Bayer, Bayer itself never brought any claim against plaintiffs. Neleh was only made a party to the action through third-party complaints independently filed by the persons that Bayer had named as defendants. Plaintiffs could not establish standing to sue the Bayer Defendants because any injury they suffered on account of the separate actions of a third party cannot be attributed to the Bayer Defendants themselves. See, e.g., Simon v E. Ky. Welf. Rights Org., 426 U.S. 26, 41-42 (1976) ("[T]he 'case or controversy' limitation of Art. III still

5

requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court.").

Curbison's claim against Quinlan likewise could not succeed. Plaintiffs alleged that Quinlan fraudulently accepted service of process on Neleh's behalf in the Bayer action even though he was never the company's authorized agent and that he further failed to hand over the served documents in a timely fashion. Quinlan, however, certified that he is the designated agent authorized to accept service for Neleh as required by New Jersey's Business Corporations Act. See, e.g., N.J. Stat. Ann. §§ 14A:4-1(1), 14A:4-2(1). In addition, he submitted a business entity status report from the New Jersey Division of Revenue website, listing Quinlan as Neleh's registered agent. Finally, Quinlan certified that he immediately sent the third-party complaint on to Neleh through an attorney serving company and that he was informed by the attorney servicing company that they had received the pleading and then forwarded it to attorneys for Neleh. Curbison's general, unsupported denials of any agency relationship were clearly insufficient to raise a genuine issue of material fact given the corroborated documentation establishing that Quinlan was in fact Neleh's legally required agent for service of process in New Jersey. See Fed. R. Civ. P. 56(c).

Curbison's claims against the Federal Defendants had to be dismissed because they were barred by the applicable statute of limitations. His constitutional claims under

6

Bivens as well as his intentional infliction of emotional distress claims against the individual federal officials were both subject to New Jersey's two-year statute of limitations for personal injury causes of action. See, e.g., N.J. Stat. Ann. § 2A:14-2; Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1088 (3d Cir. 1988); Maldonado v. Leeds, 374 N.J. Super. 523, 530, 865 A.2d 741, 745 (App. Div. 2005). The Federal Tort Claims Act ("FTCA") claims against the United States itself are barred unless Curbison presented an administrative claim "within 2 years after such claim accrues."[4] 28 U.S.C. § 2401(b).

Curbison failed to meet these requirements. As the District Court noted, the FBI seized the real estate and vehicles in question in August 2000, and a partial default judgment and final order of forfeiture for the property was entered by the District Court for the District of New Jersey on July 10, 2001. The applicable two-year statute of limitations therefore required him to file his complaint no later than July of 2003. Curbison, however, did not submit his initial civil complaint until November 7, 2005 and failed to file his amended complaint until January 27, 2006. He also never submitted any administrative claim, timely or otherwise, to the appropriate federal agency under the FTCA. In a pleading denominated as a certiorari petition, Curbison apparently attempts to invoke equitable tolling or a similar doctrine to excuse his untimeliness. But such an

---

[4] A plaintiff cannot assert damage claims for constitutional violations against the United States itself. See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 477-86 (1994).

7

argument lacks any basis in fact because Curbison himself admits in his petition that "the initial summons [in the forfeiture proceedings] was served upon him at his home (in his personal name) authorizing the seizure."

Finally, the District Court properly dismissed Curbison's civil conspiracy claims against the Federal Defendants. A civil conspiracy claim requires a separate underlying tort as a prerequisite for liability. See, e.g., In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 789 & n.7 (3d Cir. 1999). Curbison's conspiracy claims were premised on the time-barred tort and constitutional claims against the Federal Defendants, and, because the underlying claims were properly dismissed, the conspiracy claims had to be dismissed as well.

It appears that the District Court in essence dismissed with prejudice Curbison's claims with respect to the defendants in the amended complaint. We find that any further amendment to the already extensive amended complaint with respect to such defendants would have been futile. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

### III.

Accordingly, because Curbison's appeal lacks any arguable basis, we will dismiss it pursuant to § 1915(e)(2)(B).[5]

---

[5] We likewise deny Curbison's petition for review on writ of certiorari. Such a petition must ordinarily be brought only in the Supreme Court. In addition, the petition lacks any merit given our determination that this appeal must be dismissed.