**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2893
_____

ACHILLES CEDRIC CURBISON,
Appellant

v.

UNITED STATES OF AMERICA; PHILLIP L. BUVIA, Special Agent; EDWARD R.
DAVIS, Agent; MICHAEL T. POULTON, Agent; ANDREW SCHIFF, AUSA;
ROBERT J. CLEARY, Former U.S. Attorney

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:25-cv-15408)
District Judge: Honorable Edward S. Kiel

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed March 20, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Achilles Curbison, proceeding pro se and in forma pauperis (IFP), appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We will affirm the judgment of the District Court.

I.

This case is Curbison's second attempt to sue federal agents who he claims illegally seized and destroyed his property. In 2005, Curbison filed a lawsuit in the District Court against the United States and federal agents, alleging constitutional violations and violations under the Federal Tort Claims Act (FTCA) stemming from the seizure of his real property. *See Curbison v. United States*, D.N.J. Civ. No. 05-cv-05280 ("Case 1"). After the District Court granted defendants' motion to dismiss and motion for summary judgement, Curbison appealed and this Court affirmed the District Court's judgment. *See Curbison v. U.S. Gov't of N.J.*, 242 F. App'x 806, 810 (3d Cir. 2007) (per curiam).[1]

In September 2025, Curbison brought the instant case against the same defendants he sued in Case 1, alleging violations under the constitution and the FTCA, stemming from the same seizure he complained of in Case 1. The District Court granted Curbison

---

[1] The District Court's order disposed of all of Curbison's claims as to the named and served defendants, rendering it a final order pursuant to 28 U.S.C. § 1291. *See Curbison*, 242 F. App'x at 808 n.3 (so holding). At the same time, the District Court granted Curbison leave to file an amended complaint that named new defendants, providing it did not contain claims that had already been dismissed. That amended complaint created "a new action." *Curbison*, 242 F. App'x at 808 n.3. In that new action, Curbison failed to serve any new defendants with process, and the case was dismissed for failure to prosecute.

leave to proceed IFP, and dismissed his complaint with prejudice because it determined that his claims were barred by res judicata. Curbison filed a timely notice of appeal and has filed a pro se brief in support of his appeal in this Court.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

## III.

We agree with the judgment of the District Court, because Curbison's claims are barred by res judicata.[2] In order for the doctrine to apply, there must be "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010).

Each of those requirements was satisfied here. Each of the parties Curbison named in his complaint was previously named in Case 1. Curbison's current suit arises from the same cause of action—the purportedly illegal seizure of his property—as did the first suit. Lastly, there was a final judgment on the merits in Curbison's previous suit because

---

[2] Though res judicata is an affirmative defense, it is appropriate for a court to raise the issue sua sponte if the court is on notice that it has decided the issue previously. *See Arizona v. California*, 530 U.S. 392, 412 (2000). Given that Curbison filed Case 1 and the instant case in the same court, the District Court was on notice that the issue had previously been decided, and properly raised the issue of claim preclusion sua sponte. *See id.*

a dismissal for failure to state a claim constitutes a final judgment on the merits, *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981), as does a grant of summary judgment, *see generally Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020). Thus, his complaint is barred by res judicata. *See Duhaney*, 621 F.3d at 347.

The District Court properly dismissed plaintiff's complaint, and did not abuse its discretion in determining that granting leave to amend would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will affirm the decision of the District Court.