**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3060
_____

FRANK A. PAPERA; CHARLOTTE E. PAPERA;
FRANK A. PAPERA REVOCABLE TRUST,

Appellants

v.

PENNSYLVANIA QUARRIED BLUESTONE COMPANY;
F. CONRAD AND SONS; FRED D. CONRAD;
THERESA A. CONRAD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:16-cv-02205)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 12, 2019

Before: HARDIMAN, GREENAWAY, JR., and
BIBAS, *Circuit Judges*.

(Filed: January 22, 2020)

_____

Harry T. Coleman
41 North Main Street
Suite 316
Carbondale, PA 18407
        *Counsel for Appellants*

John J. Minora
Minora Minora Colbassani Ratchford Krowiak & Mattioli
700 Vine Street
Scranton, PA 18510
        *Counsel for Appellees*

_____

OPINION OF THE COURT
_____

BIBAS, *Circuit Judge*.

We construe ambiguities in dismissal orders against claim preclusion. So we will not read a dismissal order as dismissing involuntarily, or voluntarily with prejudice, unless it says so clearly and expressly.

Frank and Charlotte Papera thought that they had reached a settlement with the defendants, so they sought a dismissal of their lawsuit. The District Court entered a dismissal order. It gave the parties sixty days to either send the Court a settlement agreement for its approval or move to reopen the case. But the parties did neither. After this deadline passed, the Court simply closed the suit.

2

When the settlement discussions fell through, the Paperas refiled the same complaint. The second suit came to the same district judge, who dismissed it based on claim preclusion. But claim preclusion was inapt because the Court never clearly stated that it was dismissing involuntarily or voluntarily with prejudice. So we will vacate and remand.

## I. BACKGROUND

The Paperas own a quarry. They agreed to let the Pennsylvania Quarried Bluestone Company mine the property. According to the Paperas, they repeatedly asked the Company to clean up the property, remove abandoned equipment, and pay for the mined stone. The Company never did. So the Paperas sued it and its owners in the U.S. District Court for the Middle District of Pennsylvania.

The District Court sent the case to mediation. In May 2016, the Paperas returned with good news, reporting that the parties had "resolved [the case] amicably." App. 38. They asked the Court for "a sixty (60) day Order of Dismissal." *Id.* And they promised to follow up with a "Remediation Agreement," which they would then ask the Court to approve. *Id.*

So the Court filed an order tentatively dismissing the case. The May 2016 Order was two sentences long, saying only that the case is dismissed and the parties had sixty days to finalize the settlement. *Papera v. Pa. Quarried Bluestone Co.*, No. 3:15-cv-00476, ECF No. 18 (M.D. Pa. May 10, 2016). For more information, the parties had to read the order's minute entry: The case was dismissed "without prejudice." App. 4 (ECF No. 18). The parties could move "to reinstate the action

3

if settlement [wa]s not consummated." *Id.* To do so, they would have to show good cause within sixty days. *Id.*

But the settlement apparently fell through. The District Court never got any settlement agreement. After the sixty-day period elapsed, the Court did not file an order dismissing with prejudice.

In September 2016, nearly four months after the dismissal order, the Paperas asked for a conference call "regarding the future status of the litigation." *Papera v. Pa. Quarried Bluestone Co.*, No. 3:16-cv-2205, 2018 WL 4051748, at *1 (M.D. Pa. Aug. 24, 2018). On that call, the Court reportedly told the Paperas that "it no longer had jurisdiction over the case" and that it had administratively closed it. *Id.*; Appellants' Br. 20. We have no transcript of this call.

A month later, the Paperas filed a new case in the same District Court. The new complaint was almost identical to the old one. This case was characterized as a related case to the original suit, so it was assigned to the same judge.

Pennsylvania Quarried Bluestone answered the complaint and, after discovery, moved to dismiss it. The District Court properly treated this motion as a motion for summary judgment and, in August 2018, granted it based on claim preclusion. And it declined to reopen the May 2016 Order under Federal Rule of Civil Procedure 60(b) because the Paperas had not suffered "a gross injustice." *Papera*, 2018 WL 4051748, at *4.

The Paperas timely appealed the grant of summary judgment. The District Court had diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and we have jurisdiction under § 1291. We

review the District Court's grant of summary judgment de novo. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 250 n.12 (3d Cir. 2010).

## II. BECAUSE THE ORDER DISMISSING THE PAPERAS' FIRST SUIT DID NOT CLEARLY SAY THAT THE DISMISSAL WAS INVOLUNTARY OR WITH PREJUDICE, IT DID NOT PRECLUDE THEIR SECOND SUIT

The Paperas challenge the District Court's holding that claim preclusion bars their second suit. Although some dismissals preclude relitigating claims, the Paperas argue that theirs did not. To assess their argument, we must figure out what kind of dismissal the District Court entered. Dismissals can be either voluntary or involuntary. Fed R. Civ. P. 41(a), (b). The kind of dismissal bears on whether it was with prejudice. And the prejudicial effect of a dismissal guides our claim-preclusion analysis.

### A. The voluntariness of a dismissal bears on whether it is with prejudice

To assess whether a dismissal was with prejudice, we must first ask whether it was voluntary or involuntary. The default rule is different for each type.

For *voluntary* dismissals, the default rule is that a plaintiff's first dismissal is without prejudice. Fed. R. Civ. P. 41(a). To overcome that default rule, the plaintiff's notice of dismissal or the district court's order entering the voluntary dismissal must "state[ ] otherwise." *Id.*

For *involuntary* dismissals, the default rule is the opposite. "Unless the dismissal order states otherwise," it "operates as an adjudication on the merits" and so (as discussed below) is with prejudice. Fed. R. Civ. P. 41(b). The default rule applies to, among other things, dismissals for failure to prosecute or to comply with a court order or rules. *Id.* The rule does carve out exceptions for dismissals based on venue, jurisdiction, or failure to join indispensable parties. *Id.* And courts may carve out other exceptions to this default rule. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001). Setting those aside, involuntary dismissals are presumptively with prejudice.

## B. For a dismissal to preclude claims, it must be with prejudice

Only a prior dismissal with prejudice (whether voluntary or involuntary) precludes later relitigating the dismissed claims. Claim preclusion is traditionally said to require a "judgment on the merits." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). But that term of art is confusing because it does not require an actual verdict or summary judgment; a sanction for failure to follow court rules, for instance, can qualify too. *See* Fed. R. Civ. P. 41(b); *Semtek*, 531 U.S. at 502. The on-the-merits requirement is better understood in terms of its functional equivalent: whether a dismissal is *with prejudice*. *Semtek*, 531 U.S. at 505–06; 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2373, at 739–43 & n.4 (3d ed. 2008) ("'[W]ith prejudice" is an acceptable form of shorthand for 'an adjudication upon the merits.'").

A dismissal with prejudice "operates as an adjudication on the merits," so it ordinarily precludes future claims. *Landon v.*

6

*Hunt*, 977 F.2d 829, 832–33 (3d Cir. 1992); *accord Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955). Conversely, a " '[d]ismissal … without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits,' Rule 41(a)(1), and thus does not have a [claim-preclusive] effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *see Semtek*, 531 U.S. at 505.

### C. We construe ambiguities in dismissals against claim preclusion

When we are uncertain what kind of dismissal the district court entered, we construe ambiguities against claim preclusion. We do so because a dismissal with prejudice "is a severe and disfavored remedy" that is "only appropriate in limited circumstances." *Alvin v. Suzuki*, 227 F.3d 107, 122 (3d Cir. 2000); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). And the party asserting claim preclusion bears the burden of proving all the elements. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). That includes proving that a dismissal was with prejudice and so can preclude claims.

To implement that burden of proof, we adopt two clear-statement rules: For purposes of claim preclusion, we will construe unclear dismissal orders as voluntary rather than involuntary. And we will construe unclear first voluntary dismissals as without prejudice, so they will not preclude relitigating the same claims. Only a clear and explicit statement will suffice to make a dismissal involuntary, or voluntary with prejudice.

Our sister circuits apply similar clear-statement rules. Take the Fourth Circuit's decision in *Choice Hotels International,*

7

*Incorporated v. Goodwin & Boone*, 11 F.3d 469 (4th Cir. 1993). There, the parties had reached a "tentative settlement" and sought a voluntary dismissal. *Id.* at 470. So the district court conditionally dismissed "without prejudice," requiring the parties "to move for good cause within 30 days to reopen this action if settlement is not consummated." *Id.* The plaintiff never submitted a settlement agreement but refiled the same suit after the thirty days expired. *Id.*

The Fourth Circuit treated the first order as a dismissal without prejudice because "nowhere did the [first] dismissal order state *explicitly* that the dismissal would be prejudicial if its condition was not satisfied." *Id.* at 473. It adopted a clear-statement rule: Unless a district court "explicit[ly] and clear[ly]" states that "its voluntary dismissal is prejudicial if its stated conditions are not met," courts must treat its dismissal as without prejudice. *Id.* at 471. That clear-statement rule, it reasoned, "promotes our strong preference that cases be decided on their merits." *Id.* at 472. It also gives plaintiffs fair warning before inflicting the "drastic consequence" of cutting off litigation. *Id.*

The Fourth Circuit built its clear-statement rule on the decisions of several other circuits. *See, e.g.*, *Plumberman, Inc. v. Urban Sys. Dev. Corp.*, 605 F.2d 161, 162 (5th Cir. 1979) (per curiam) ("Because the [earlier dismissal] order did not otherwise specify, the dismissal is without prejudice. Consequently it can have no res judicata effect."); *see also McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 934 (11th Cir. 1987) (holding that a voluntary stipulation of dismissal "must

be considered without prejudice because it was not expressly provided for in the document"). We now join these courts.

### D. The District Court's order did not explicitly state that its voluntary dismissal was or would become a dismissal with prejudice

The clear-statement rules resolve this case. The Paperas told the District Court that the parties had reached a settlement and asked for an order of dismissal. At the parties' request, the Court entered the May 2016 Order. So this was a first voluntary dismissal under Rule 41(a). And the Court did not make clear that the dismissal of the first suit was involuntary or with prejudice. True, the Court may have meant to dismiss the suit involuntarily with prejudice for failure to prosecute or comply with its orders. After all, the Paperas did not present a settlement agreement within the agreed-upon sixty days. But the Order here did not say that its dismissal was involuntary. Nor did the motion or order specify that any voluntary dismissal would become one with prejudice.

Nothing else in the record clearly or explicitly specifies that this dismissal was either involuntary or with prejudice. The Court did not, for instance, file a separate order dismissing for failure to prosecute or for another ground listed in Rule 41(b). Nor did it involuntarily dismiss during the conference call. It asserted simply that "it no longer had jurisdiction over the case" because of the May 2016 Order. *Papera*, 2018 WL 4051748, at *1. Nor did it do so by closing the case. Administrative closure merely clears a docket. But it is not a dismissal because courts retain jurisdiction and can reopen

9

administratively closed cases. *See, e.g.*, *Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013).

In sum, a silent or unclear record will not do. The Paperas, like the plaintiff in *Choice Hotels*, failed to move to reopen during the specified period for doing so. But nothing in the record warned them that the resulting dismissal would preclude relitigating their claims. And because this was their first dismissal, Rule 41(a) tells us that it was without prejudice. Thus, it does not preclude their second suit.

\* \* \* \* \*

Because the Order dismissing the first suit contained no clear, explicit statement that it was an involuntary dismissal or a dismissal with prejudice, we read it as a voluntary dismissal without prejudice. So it could not preclude this suit. We will thus vacate and remand for further proceedings.