**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3156
_____

RODNEY HANDY, JR.,

Appellant

v.

LEELONI PALMIERO, INDIVIDUALLY;
SGT.  BALDOMERO, INDIVIDUALLY;
DETECTIVE ROBERT HAGY, INDIVIDUALLY;
DETECTIVE HORGER, INDIVIDUALLY;
DETECTIVE SULLIVAN, INDIVIDUALLY;
DOES 1-10, IN THEIR INDIVIDUAL CAPACITIES;
COMMISSIONER PHILADELPHIA POLICE;
CITY OF PHILADELPHIA POLICE DEPARTMENT;
THE CITY AND COUNTY OF PHILADELPHIA, C/O LAW DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-03107)
Honorable Juan R. Sanchez, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 17, 2020

Before: JORDAN, KRAUSE, and RESTREPO, *Circuit Judges*

(Opinion filed: December 4, 2020)

_____

**OPINION**[*]

_____

KRAUSE, *Circuit Judge*.

Appellant Rodney Handy challenges the District Court's grant of qualified immunity on summary judgment to the officers who conducted a search of his home that did not result in charges. He also disputes the Court's dismissal of his remaining state law claims for a lack of jurisdiction. Perceiving no error in the District Court's rulings, we will affirm.[1]

## I.    Discussion

### A.    Waiver

Before addressing the merits of Handy's contentions regarding immunity, we first consider his argument that Appellees waived qualified immunity by failing to timely file

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We review a grant of summary judgment *de novo*, *see Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016), and will affirm if, "[v]iewing the evidence in the light most favorable to the nonmovant, . . . there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law,'" *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010). We review decisions regarding the waiver of an affirmative defense and the declination of supplemental jurisdiction for abuse of discretion. *See Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012); *Maher Terminals, LLC v. Port Auth. of N.Y. and N.J.*, 805 F.3d 98, 104 (3d Cir. 2015).

their answer to the amended complaint. We review the District Court's decision regarding the waiver of an affirmative defense for abuse of discretion. *Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012). While qualified immunity is an affirmative defense that normally should be asserted in an answer, it also may be raised in a motion for summary judgment unless (1) the defendant has failed to demonstrate "a reasonable modicum of diligence in raising the defense" and (2) "the plaintiff has been prejudiced by the delay." *Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204, 210 (3d Cir. 2001).

Here, the District Court properly rejected Handy's waiver argument because, despite Appellees' questionable diligence in prosecuting the case generally, Handy failed to show any actual prejudice. *See Sharp*, 669 F.3d at 158. Handy's Fourth Amendment claim and Appellees' claim for immunity turn on the resolution of the same factual question—whether the search of Handy's home was supported by probable cause—and Handy had ample opportunity to develop the record on this question during discovery, irrespective of Appellees' delay. Indeed, Handy simply catalogs the negative consequences of delay without demonstrating that Appellees' conduct actually "imped[ed] [his] ability to prepare a full and complete defense." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 223 (3d Cir. 2003). Without more, "these possibilities are not in themselves enough to demonstrate that [Handy] cannot receive a fair trial" and therefore suffered prejudice. *United States v. Marion*, 404 U.S. 307, 326 (1971). Thus, the District Court did not abuse its discretion by permitting Appellees to raise their qualified immunity defense on a motion for summary judgment. *See Eddy*, 256 F.3d at 209.

3

## B. Qualified Immunity

Turning to the substance of Handy's appeal, we address his assertion that the District Court erred in concluding that Appellees were entitled to qualified immunity. This doctrine will shield state actors "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010).

In the Fourth Amendment context, defendants are "presumptively entitled to qualified immunity from . . . claims premised on a lack of probable cause," where they "relie[d] in good faith on a prosecutor's legal opinion," *id.* at 255–56, or the approval of a neutral magistrate, *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). Of course, such circumstances do not automatically confer immunity because the touchstone is "the 'objective reasonableness' of [their] belief in the lawfulness of [their] actions." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). Thus, a plaintiff may rebut the reasonableness of the officers' reliance—and therefore their presumptive immunity—by establishing that "the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Pavulak*, 700 F.3d 651, 663–64 (3d Cir. 2012).

Handy, however, has failed to meet the "high" threshold to rebut this presumption. *Id.* at 664. He raises several challenges to the validity and contents of the probable cause affidavit, but none casts doubt on Appellees' reliance on the prosecutor's legal opinion and the Magistrate Judge's approval of the warrant as "the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt*, 565 U.S. at 546–47.

4

For example, despite Handy's objections to the strength of the evidence in the affidavit, he makes no claim that the affidavit was merely a "bare bones" submission. *Pavulak*, 700 F.3d at 664. Indeed, far from "rely[ing] [solely] on an officer's unsupported belief that probable cause exists," the affidavit "had been prepared using first-hand information," including Handy's admission that he owned and stored at his home a handgun matching the cartridge casings recovered from the scene. *Id.* at 664. And although the affidavit is not in the record, we have no reason to doubt the Magistrate's acknowledgment or the evidence supporting the document's existence, such as the reference to its attachment in the warrant itself and Detective Palmiero's testimony regarding its contents.[2]

In short, it was "objectively reasonable," *Messerschmidt*, 565 U.S. at 555, for Appellees to rely on the prosecutor's and Magistrate's endorsements that there was probable cause to search Handy's home and, in the absence of a "genuine issue as to any material fact" on that subject, *Kelly*, 622 F.3d at 253, Appellees are entitled to qualified immunity.

## C. State Law Claims

Finally, while conceding that his claim for defamation is time-barred, Handy argues that the District Court erred in dismissing, rather than remanding, his remaining

---

[2] Handy also argues spoliation on appeal, but he has waived this argument by failing to raise it below, *see Orie v. Dist. Att'y Allegheny Cty.*, 946 F.3d 187, 195 (3d Cir. 2019), and, regardless, he has not alleged any facts indicating "actual suppression or withholding of evidence" to support his contention, *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 79 (3d Cir. 2012).

state law claims and further erred in dismissing them with prejudice, which he suggests will preclude his refiling in state court. Handy is mistaken on both counts. Once the District Court resolved his federal law claims, it was well within its discretion to dismiss his state law claims, as no "considerations of judicial economy, convenience, [or] fairness to the parties" justified the continued exercise of pendent jurisdiction. *North Sound Capital LLC v. Merck & Co.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019). And, although the District Court did not specify whether it was dismissing Handy's state law claims with or without prejudice, that dismissal is deemed to be without prejudice because it was not accompanied by a "clear and explicit statement" that it was "with prejudice." *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020). As a dismissal without prejudice does "'not operat[e] as an adjudication upon the merits,' . . . and thus does not have a [claim-preclusive] effect," *id.*, nothing in the styling of the District Court's decision prevents Handy from refiling in state court or warrants remand.

## II.    Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.