**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3893
_____

REINARD SMITH,
                                        Appellant

v.

ALEX KERSHENTSEF; KEY & V AUTO SALES; VLAD (JOHN DOE); MIKE
(JOHN DOE); JANE DOE 1; JANE DOE 2; SIANI'S TOWING; STEWART
KISSINGER; JOHN DOE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-04159)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 10, 2020
Before:  KRAUSE, MATEY, and ROTH, Circuit Judges

(Opinion filed:  February 4, 2021)
_____

OPINION*
_____

PER CURIAM

        Reinard Smith appeals the District Court's order dismissing his complaint on the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ground that his federal claims are barred by the doctrine of res judicata. For the following reasons, we will affirm in part and vacate in part, and will remand for further proceedings.

## I.

In September 2018, Smith filed an action against a used car dealership, Key & V Auto Sales, and several of its employees (collectively, "Appellees"). See Smith v. Kershentsef, No. 2:18-cv-3840, 2019 WL 558225 (E.D. Pa. Feb. 12, 2019) (hereinafter, "Smith I"). Smith's complaint arose from his purchase of a used car from the dealership.[1] Appellees filed a motion to dismiss for failure to state a claim, which was ultimately granted by the District Court. In its order of dismissal, the District Court dismissed Smith's claim under the Magnuson-Moss Warranty Act with prejudice, dismissed Smith's claim under the FDCPA without prejudice, and declined to exercise supplemental jurisdiction over Smith's state law claims. The District Court's order did not explicitly invite Smith to amend his FDCPA claim. Smith did not file an amended complaint and instead filed a notice of appeal, docketed in this Court at C.A. No. 19-1621. Smith failed to file a brief on appeal as instructed, and on September 17, 2019, the appeal was dismissed pursuant to Fed. R. App. P. 3(a) and 3d Cir. Misc. LAR 107.2(b)

---

[1] He asserted claims pursuant to the Magnuson-Moss Warranty Act, the Fair Debt Collection Practices Act ("FDCPA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Additionally, the complaint raised a claim under 12 Pa. Cons. Stat. Ann. § 6251, a state law authorizing repossession of a motor vehicle, and a contract claim for anticipatory repudiation under 13 Pa. Cons. Stat. Ann. § 2610.

for failure to timely prosecute.

On September 9, 2019, prior to this Court's dismissal of the <u>Smith I</u> appeal, Smith filed the action giving rise to the current appeal (<u>Smith II</u>). Smith reasserted claims against Appellees under the UTPCPL, Magnuson-Moss Federal Warranty Act, and the FDCPA, while also reasserting state law claims for unlawful repossession. Appellees moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and further argued that the doctrine of res judicata barred Smith's claims. The District Court entered an order granting Appellees' motion to dismiss,[2] holding that res judicata barred all of Smith's federal claims. Dkt. #9. Smith filed a motion for relief from judgment pursuant to Rule 60(b)(3), which was denied. Smith timely appealed.

## II.

We have jurisdiction to review the District Court's dismissal order pursuant to 28 U.S.C. § 1291. Our review of dismissals pursuant to Rule 12(b)(6) and res judicata is de novo. <u>See</u> <u>Newark Cab Ass'n v. City of Newark</u>, 901 F.3d 146, 151 (3d Cir. 2018) (Rule 12(b)(6) standard); <u>Elkadrawy v. Vanguard Grp., Inc.</u>, 584 F.3d 169, 172 (3d Cir. 2009) (res judicata standard).

---

[2] The District Court characterized Appellees' motion to dismiss as unopposed. But, as Smith argues on appeal, it appears that he *did* file a memorandum in opposition to the motion on November 15, 2019, a day after the District Court's dismissal. The case number from <u>Smith I</u> is handwritten on the first page of the response (it is unclear who wrote the incorrect case number), so the opposition was docketed in <u>Smith I</u>, not in <u>Smith II</u>. <u>See</u> Plaintiff's Response to FRCP 12(b)(1)–(6) Motion to Dismiss, <u>Smith I</u>, No. 18-cv-3840, ECF No. 14. Thus, it was never considered by the District Court.

The District Court determined that res judicata—i.e., claim preclusion—barred the federal claims alleged against Appellees.[3] We agree, in part. For claim preclusion to apply, a defendant must show there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (quotation marks omitted).

Claim preclusion's first requirement of a "judgment on the merits" is "better understood in terms of its functional equivalent: whether a dismissal is with prejudice." Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 610 (3d Cir. 2020). Thus, "[a] dismissal with prejudice operates as an adjudication on the merits, so it ordinarily precludes future claims." Id. at 611 (internal quotation marks omitted). On the other hand, a dismissal *without* prejudice is one that does not operate as an adjudication on the merits, and therefore does not have a claim-preclusive effect. Id. A "party asserting claim preclusion bears the burden of proving all the elements," which includes proving the "dismissal was with prejudice and so can preclude claims." Id.

### III.

Here, the District Court's dismissal of Smith's claim under the Magnuson-Moss Warranty Act easily satisfies the elements for claim preclusion to apply. Smith's current

---

[3] As in Smith I, the District Court declined to exercise supplemental jurisdiction over Smith's state law claims. Thus, our discussion on the application of claim preclusion only centers on Smith's claims under the Magnuson-Moss Warranty Act and the FDCPA.

claim under that Act is derived from the same set of underlying facts as Smith I, and involve the same parties or their privies. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir. 2014) (noting we take a "broad view" when considering what constitutes the same cause of action, and whether res judicata applies turns on the "essential similarity" of the underlying events giving rise to the legal claims). To the extent any claims may be slightly different, it is clear that Smith *could have* brought those claims in Smith I. See id. (noting res judicata bars not only claims brought in previous litigation, but also *claims that could have been brought*). Moreover, the District Court's memorandum opinion and accompanying order of dismissal in Smith I specify that Smith's claim was dismissed "with prejudice," and was thus a final judgment on the merits for that claim. See Davis, 824 F.3d at 341; Papera, 948 F.3d at 610–11.

Smith's FDCPA claim presents a closer question. The District Court's opinion in Smith I simply concluded that "[Smith] has not pleaded sufficient facts for relief under the [FDCPA]," and the accompanying order stated that the FDCPA claim was dismissed "without prejudice." Smith I, No. 2:18-cv-3840, 2019 WL 558225, at *4; id., ECF No. 10 at 1. As it stands before us, we cannot read the District Court's dismissal as having ripened into a dismissal with prejudice, since neither the District Court's opinion nor the order provided a deadline for Smith to amend his FDCPA claim and plead sufficient facts for relief. See Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019) (noting "a 'self-effectuating' order is one that directs a party to take some action to cure a defective

5

complaint by a defined date and provides express notice that it will then automatically produce a final order of dismissal when the time to amend runs out"); see also Papera, 948 F.3d at 609 ("We construe ambiguities in dismissal orders against claim preclusion."). Accordingly, it appears that Smith II is, in part, Smith's attempt to refile claims that were dismissed without prejudice—something Smith may do. See S.B. v. KinderCare Learning Ctrs., LLC, 815 F.3d 150, 152 (3d Cir. 2016) (noting "a dismissal without prejudice is not a final decision because the plaintiff may *refile* the complaint" (emphasis added)); see also Papera, 948 F.3d at 611 (noting a dismissal without prejudice is one that does not operate as an adjudication on the merits, and therefore does not have a claim-preclusive effect). Consequently, the first element necessary for claim preclusion to apply to Smith's FDCPA claim is lacking.[4] See Davis, 824 F.3d at 341. Thus, the District Court erred in dismissing Smith's FDCPA claim solely on the doctrine of res judicata.

---

[4] The appeal in Smith I was dismissed for failure to prosecute and does not have any bearing on our analysis. While "finality" for purposes of determining appellate jurisdiction may also indicate, in certain circumstances, that a dismissal without prejudice has become "final" for purposes of res judicata, see Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 (3d Cir. 2016) (noting a plaintiff can convert a dismissal "without prejudice" into a final order by "declaring his intention to stand on his complaint" (internal quotation marks omitted)), that situation is simply not present here. In Hoffman, the order dismissing without prejudice was self-effectuating and automatically converted to a dismissal with prejudice when the appellant did not file an amended complaint within the mandated deadline. Id. at 279–80. The order in Smith I was not self-effectuating, and the appeal was dismissed for failure to prosecute because Smith did not file a brief; we made no determination as to "finality" for purposes of our appellate jurisdiction in that appeal.

## IV.

For the foregoing reasons, the District Court properly dismissed Smith's claim under the Magnuson-Moss Warranty Act as barred by the doctrine of res judicata. However, the District Court erred in holding that Smith's claim under the FDCPA was precluded.[5]  Accordingly, we will affirm the judgment in part and vacate it in part, and will remand for further proceedings in accordance with this opinion.  We grant Appellees' motion for leave to file their supplemental appendix.

---

[5] This opinion is limited to the claim preclusion issue, as that was the sole basis for dismissal by the District Court.  It is not an appraisal on the underlying merits of Smith's claims or whether he has properly pleaded his claims.