**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1990

_____

KATHLEEN WRIGHT-GOTTSHALL; MELANI BORODZIUK; JILL MATTHEWS;
JILL SKINNER; SANDRA GIVAS; DONNA ANTONIELLO; JENELL DECOTIIS;
JENNIFER DOUGHERTY; MELISSA FARRELL; ALYSON STOUT; HEATHER
HICKS; CHRISHA KIRK; DAVID TARABOCCHIA; DEBORAH ALDIERO; GINA
ZIMECKI; KERI WILKES; MICHELE PELLICCIO; NATALIE RICKO; PATRICIA
KISSAM; ROSEANNE HAZLET; VINCENIA ANNUZZI; JASON MARASCO;
JENNIFER MESS; KIMBERLY KOPPENAAL,
                                                            Appellants

v.

STATE OF NEW JERSEY; PHILIP DUNTON MURPHY, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OF THE STATE OF NEW JERSEY; HON. STUART
RABNER, (in his official capacity as Chief Justice of the New Jersey Supreme Court);
HON. GLENN GRANT, in his official capacity as court administrator; NEW JERSEY
OFFICE OF LEGISLATIVE SERVICES; SUPREME COURT OF NEW JERSEY

_____

On Appeal from the United States District Court for the
District of New Jersey

(D.C. Civ. No. 3-21-cv-18954)

District Judge: Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 9, 2024

_____

Before: HARDIMAN, SCIRICA, RENDELL, *Circuit Judges*

(Filed: April 26, 2024)

_____

OPINION*

_____

**RENDELL**, *Circuit Judge*.

After COVID-19 vaccines became available to the public, all three branches of New Jersey's government announced policies requiring their covered workers to submit proof of vaccination or results of weekly tests. The Appellants, unvaccinated workers covered by the policies who were required to comply with testing protocols, sued the State of New Jersey, Governor Philip Murphy, Chief Justice Stuart Rabner, Judge Glenn Grant, the New Jersey Office of Legislative Services ("NJOLS"), and the Supreme Court of New Jersey. The Appellants raised claims for damages under 42 U.S.C. § 1983 as well as injunctive relief, alleging that the testing violated the United States Constitution. The District Court dismissed the Appellants' amended complaint with prejudice, concluding that the claims for injunctive and declaratory relief were moot, and that the claims for damages against the individual defendants in their personal capacity were barred by qualified immunity.

We agree with the District Court's dismissal of the amended complaint, so we will affirm the District Court in part. But we will vacate the District Court's order and remand with directions to dismiss the moot claims without prejudice.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I[1]

In March 2020, in response to the pandemic, Governor Philip Murphy declared a state of emergency in Executive Order ("EO") 103. *Executive Orders*, N.J., https://nj.gov/infobank/eo/056murphy/pdf/EO-103.pdf (last visited Apr. 18, 2024).[2] In June 2021, the State legislature enacted legislation providing for the termination of the public health emergency but authorizing the Governor and heads of State agencies to issue directives relating to vaccination and testing requirements "to prevent or limit the transmission of COVID-19, including in specific settings." 2021 N.J. Laws c. 103 § 5.

In August 2021, New Jersey Supreme Court Chief Justice Stuart Rabner and court Administrative Director Glenn Grant issued a broadcast message to State judiciary staff and judges explaining a new vaccine and testing policy. The policy required that employees submit proof of full vaccination or results of weekly viral tests. That month, Murphy signed EO 253, which required covered workers in public, private, and parochial schools to provide proof of vaccination or to submit to COVID-19 testing at least once weekly. In September 2021, the Director of Human Resources for NJOLS issued an email to NJOLS employees and advised them of a similar policy requiring either proof of vaccination or weekly COVID-19 PCR test results.

The Appellants allege that the weekly tests imposed under the policy caused physical discomfort, inconvenience, and feelings of degradation. They also assert that

---

[1]     We write primarily for the parties, and so we recite only the facts necessary to decide the case.
[2]     We take judicial notice of "information [that] is publicly available on government websites." *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017).

coworkers and supervisors were told vaccination status, that they were required to undergo testing in public areas, and that they were required to upload information to third-party contractors during the testing process, all in violation of their privacy.

The Appellants filed their initial complaint in October 2021 and a motion for a temporary restraining order on August 5, 2022.

While the lawsuit was pending, on August 15, 2022, Murphy issued EO 302 and rescinded EO 253, ending the executive branch policy. EO 302 noted that "New Jersey ha[d] administered over 18.4 million doses of the COVID-19 vaccine in the State . . . , with over 8 million or 93% of New Jerseyans having received at least one dose of the vaccine," and "various treatments and FDA-authorized therapeutics for COVID-19, such as antiviral medications and monoclonal antibodies, that can reduce the likelihood of severe illness and death have become widely available." App. 273. EO 302 recognized that New Jersey had "experienced stable rates on key benchmark statistics, such as the number of hospitalized patients, patients in intensive care, and ventilators in use, and the spot positivity of COVID-19 tests." App. 274. A few weeks later, NJOLS and Rabner followed suit, announcing the end of the NJOLS and judiciary policies.

With the policies terminated, the Appellants withdrew their motion for a temporary restraining order. They filed an amended complaint, in which, as relevant to this appeal, the Appellants alleged that the policies violated the Fourth Amendment prohibition against unreasonable searches and seizures (Count I), their Fourteenth Amendment right to privacy (Count II), their Fourteenth Amendment liberty rights (Count III), the Equal Protection

4

Clause of the Fourteenth Amendment (Count IV), and 42 U.S.C. § 1983 (Count VI). The amended complaint included personal capacity claims against Murphy, Rabner, and Grant.

The District Court dismissed the amended complaint with prejudice, holding, as relevant here, that the Appellants' claims for declaratory and injunctive relief were moot following the rescission of each of the policies and not salvaged by the voluntary cessation doctrine. *See Wright-Gottshall v. New Jersey*, No. 21-cv-18954, 2023 WL 3183288, at *4–5 (D.N.J. May 1, 2023). The District Court also held that the Appellants had failed to show a clearly established right that was violated by the challenged state policies, so Murphy, Rabner, and Grant were entitled to qualified immunity for the Appellants' claims against them in their personal capacity. *Id.* at *8–9.

The Appellants timely appealed.

## II[3]

## A

The Appellants argue first that the District Court erred in concluding that Murphy, Rabner, and Grant were entitled to qualified immunity. The doctrine of qualified immunity shields officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

---

[3]     The District Court lacked jurisdiction over the Appellants' claims for injunctive and declaratory relief because those claims are moot, *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 475–76 (3d Cir. 2016), but for the other claims, the District Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. Because the District Court granted the defendants' motion to dismiss the amended complaint, our review is plenary, and "we must accept as true the factual allegations in the complaint and all reasonable inference that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To assess a government official's entitlement to qualified immunity, courts inquire (1) whether a plaintiff's constitutional right was violated and (2) whether that right was "clearly established" at the time of the official's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Exercising their sound discretion, courts may resolve questions of entitlement to qualified immunity by focusing on the "clearly established" prong of the inquiry." *Id.* at 237–38. Clearly established rights may be derived from Supreme Court and binding Third Circuit precedent or from a "robust consensus of cases of persuasive authority in the Courts of Appeals." *Fields v. City of Phila.*, 862 F.3d 353, 361 (3d Cir. 2017) (quoting *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 247–48 (3d Cir. 2016)); *see also James v. N.J. State Police*, 957 F.3d 165, 170 (3d Cir. 2020).

Courts must frame the right at issue "in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, the Appellants attempt to frame the rights they assert as "straight forward and well established: the right to be free from unreasonable search and seizure, the right to bodily integrity, the right to privacy, and the right to equal protection under the laws." Appellants' Reply Br. at 1. The Appellants' framing is the type of "broad general proposition" that does not pass muster under the qualified immunity inquiry and is too abstract to provide guidance to reasonable state officials. *Saucier*, 533 U.S. at 201.

The District Court articulated the right at issue as "the right to be free from government-mandated workplace testing of an infectious disease." *Wright-Gotshall*, 2023 WL 3183288, at *8. This articulation appropriately framed the right "beyond a high level of

6

generality," *Thomas v. City of Harrisburg*, 88 F.4th 275, 284 (3d Cir. 2023), and

characterized the issue to reflect "the specific context of the case." *Saucier*, 533 U.S. at 201.

The Appellants fail to establish that, at the time of the challenged conduct, binding

precedent or a meaningful consensus of out-of-circuit authority recognized the right at

issue as properly framed by the District Court. The Appellants could have demonstrated

that the right was clearly established by citing "closely analogous" case law or by

showing that the challenged conduct was "so patently violative of the constitutional right

that reasonable officials would know without guidance from a court." *Schneyder v. Smith*,

653 F.3d 313, 330 (3d Cir. 2011) (quoting *Estate of Escobedo v. Bender*, 600 F.3d 770,

779–80 (7th Cir. 2010)). A "precise factual correspondence" with a prior case is not

required, *Peroza-Benitez v. Smith*, 994 F.3d 157, 166 (3d Cir. 2021) (quoting *Kopec v.

Tate*, 361 F.3d 772, 778 (3d Cir. 2004)), if "existing precedent . . . placed the . . .

constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)

(citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The Appellants cite to some cases to show that the right at issue is clearly

established, but none are closely analogous.[4] These cases are distinguishable because,

---

[4]     *See Missouri v. McNeely,* 569 U.S. 141, 165 (2013) (holding warrantless blood alcohol testing is not *per se* justified in drunk-driving investigations); *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997) (declining to recognize a right to assisted suicide as a fundamental liberty interest); *Skinner v. Ry. Labor Exec. Ass'n*, 489 U.S. 602, 633–34 (1989) (holding that alcohol and drug tests mandated for railroad employees were reasonable searches and seizures, even in the absence of a warrant or reasonable suspicion, in part because of the "surpassing safety interests" served by such tests); *Gruenke v. Seip*, 225 F.3d 290, 300–01 (3d Cir. 2000) (holding that a high school swim team coach violated a clearly established constitutional right when he required a student to take a pregnancy test despite lacking legitimate concerns about the health of the

7

where testing was at issue, it was not for an airborne communicable disease and occurred outside of the context of a global pandemic. Thus, the individual defendants were not "on notice that their conduct violate[d] established law." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). We agree with the District Court that the Appellants assert no clearly established right here, so we need not address whether the Appellants plausibly alleged violations of their constitutional rights. *Pearson*, 555 U.S. at 236.

B

The District Court also did not err in concluding that the Appellants' claims for injunctive and declaratory relief were moot. Under Article III of the Constitution, we lack jurisdiction to review moot cases. *See Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964). Generally, a claim is moot when events following a complaint's filing preclude the court from granting effective relief. *Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 230 (3d Cir. 2021). The Appellants argue that the voluntary cessation doctrine acts as an exception to that general rule in this appeal because the Appellees rescinded the testing policies at issue but "could reasonably be expected to engage in the challenged behavior again." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020).

The District Court correctly held that the Appellees' rescission of the policies in August and September 2022 render the Appellants' claims for declarative and injunctive

---

student); *Doe v. Se. Pa. Transp. Auth.*, 72 F.3d 1133, 1143 (3d Cir. 1995) (holding that employer's need to access employee prescription records outweighed employee's interest in keeping his prescription records confidential); *Fraternal Order of Police, Lodge No. 5 v. City of Phila.*, 812 F.2d 105, 114 (3d Cir. 1987) (concluding that police questionnaire requesting medical information that officers had little reasonable expectation of withholding did not unconstitutionally infringe on applicant privacy interests).

relief "facially moot" because "there is no 'effectual relief whatsoever' that this Court may grant in relation to" those claims. *Clark v. Governor of N.J.*, 53 F.4th 769, 776 (3d Cir. 2022) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016)). Although defendants have a heavy burden of showing mootness in voluntary cessation cases, *Hartnett*, 963 F.3d at 307, it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2007). The District Court appropriately considered whether the pandemic, as it presented itself in 2021, would occur again and whether the Appellees here would respond with similar testing policies, such that the same legal controversy would recur. *Wright-Gottshall*, 2023 WL 3183288, at *4–5 (quoting *Clark*, 53 F.4th at 777–78). As explained in EO 302, the policies ended due to high vaccination rates in New Jersey and advances in antiviral therapies that significantly reduced the likelihood of severe illness and death resulting from an infection of COVID-19. We agree that fundamental changes to the landscape of medical understanding of the disease make it absolutely clear that the same legal controversy will not recur, *Clark*, 53 F.4th at 778, so the Appellants' claims for injunctive and declaratory relief remain moot and nonjusticiable.

However, we cannot affirm the District Court's order of dismissal *in toto* because the District Court erred in dismissing the moot claims with prejudice. A dismissal with prejudice "operates as an adjudication on the merits." *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) (quoting *Landon v. Hunt*, 977 F.2d 829, 832–33 (3d Cir. 1992)). But where dismissal is warranted due to "a lack of jurisdiction, . . . dismissal of [the] amended complaint should have been without prejudice." *Thorne v. Pep Boys Manny*

9

*Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020). Because the District Court's opinion on the moot claims halted those claims at the threshold and did not reflect a view on the merits, we will vacate the District Court's order of dismissal in part and remand to the District Court with instructions to dismiss the claims for declaratory and injunctive relief without prejudice. *See Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022).

## III

For the foregoing reasons, we affirm the District Court's dismissal with prejudice in part, vacate in part, and remand with instructions to dismiss the claims for declaratory and injunctive relief without prejudice.