**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2283
_____

JOHN KLIESH,
                              Appellant

v.

REDEVELOPMENT AUTHORITY OF BUCKS COUNTY; ALLEN TOADVINE;
JUDGE RAYMOND F. MCHUGH

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 24-cv-00864)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 14, 2024
Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: November 15, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant John Kliesh appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint. Because the District Court correctly dismissed the complaint as barred by res judicata, we will affirm.

I.

In February 2021, Kliesh sued defendants Redevelopment Authority of Bucks County ("RABC"), Allen Toadvine, and Judge Raymond F. McHugh in federal district court. Kliesh v. Redevelopment Auth. of Bucks Cnty., No. 21-cv-00733, 2023 WL 2163842 at *1 (E.D. Pa. Feb. 22, 2023). Kliesh alleged fraud and due process violations based on the outcome of a 2019 eminent domain case decided in the Pennsylvania Court of Common Pleas and the Commonwealth Court. Id. at *1-3. The District Court dismissed Kliesh's claims against Judge McHugh based on judicial immunity and his claims against RABC and Toadvine due to lack of subject matter jurisdiction and, alternatively, res judicata based on the 2019 state court action. Id. at *4-5. On appeal, Kliesh raised issues with the District Court's denial of his motion to recuse and his motion to amend his response to the defendants' motions to dismiss. Kliesh v. Redevelopment Auth. of Bucks Cnty., No. 23-1427, 2023 WL 5739841 at *1-2 (3d Cir. Sept. 6, 2023). We found no abuse of discretion or violation of due process and affirmed the dismissal by the District Court on those grounds. Id.

In February 2024, Kliesh filed a new complaint in the District Court asserting the same claims against the same defendants. (ECF 2.) Defendants moved to dismiss. (ECF 9, 12.) Kliesh filed objections to both motions. (ECF 10, 13.) The District Court granted defendants' motions on the basis of res judicata. Specifically, the District Court

granted Judge McHugh's motion based on Kliesh's 2021 federal court complaint and granted RABC and Toadvine's motion based on his 2019 state court litigation.  **(ECF 14.)**  This timely appeal followed.  **(ECF 19.)**

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.[1]  We exercise plenary review over the District Court's order granting the defendants' motions to dismiss Kliesh's complaint on the basis of res judicata, see Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009), and we review a district court's order denying reconsideration for abuse of discretion.[2]  Walker v. Coffey, 905 F.3d 138, 143 (3d Cir. 2018).

## III.

Kliesh argues in his brief that the District Court's dismissal of his case was improper because it refused to acknowledge his pleadings and evidence and denied him a jury trial.  **(C.A. 10 at 1-7.)**  Defendants' responses contend the District Court's dismissal on the basis of res judicata was proper.  **(C.A. 12 at 8-9, 14 at 4-6.)**

---

[1]  Kliesh filed a timely motion for reconsideration of the dismissal order prior to filing his notice of appeal.  **(ECF 16.)**  On July 23, 2024, the District Court denied that motion.  **(ECF 23.)**  Because Kliesh did not subsequently file a new notice of appeal or amend his original notice to include a challenge to the July 23, 2024 order, our jurisdiction does not extend to that order.  See Fed. R. App. P. 4(a)(4)(B)(ii).

[2]  In its June 18, 2024 order dismissing the complaint, **(ECF 14 at 8-9)** the District Court also denied Kliesh's March 18, 2024 motion for reconsideration **(ECF 11)** of an order **(ECF 7)** denying his motion to reassign the case.  **(ECF 5.)**  The denial of that motion for reconsideration is within the scope of our jurisdiction, and we discern no abuse of discretion in the District Court's decision.

Res judicata bars a claim when the following factors are present: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (citation omitted). The District Court reviewed these requirements as to Judge McHugh's motion to dismiss and concluded they have been met based on the 2021 federal court dismissal of Kliesh's claims. (ECF 14 at 1-6.) We agree the claims against Judge McHugh are barred by res judicata because the District Court's 2021 dismissal on grounds of judicial immunity is a final judgment for res judicata purposes. See Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 610 (3d Cir. 2020).[3]

As for RABC and Toadvine, federal courts are required to "give the same preclusive effect to a state-court judgment as another court of that State would give." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (citation omitted); see 28 U.S.C. § 1738. The District Court reviewed the above res judicata requirements and concluded that they have been met based on Kliesh's 2019 state court litigation. (ECF 14 at 1-4, 6-8.) We concur. We also agree that, although his District Court action included Dragonetti Act and federal due process claims not raised in state court, these claims were also barred by res judicata because the eminent domain action giving rise to these claims is the same eminent domain action underlying Kliesh's state

---

[3] Even if res judicata did not apply here, Judge McHugh remains exempt from suit, as the District Court explained in its February 22, 2023 opinion. See Kliesh, 2023 WL 2163842, at *3-4.

court complaint. **(ECF 7-8.)** <u>See</u> <u>CoreStates Bank</u>, 176 F.3d at 194 (noting that claim preclusion bars a second suit based on the same cause of action, viewing a "cause of action" broadly and in factual, as opposed to legal, terms).

IV.

Because the District Court correctly dismissed Kliesh's claims as barred by the doctrine of res judicata, we will affirm the District Court's judgment.[4]

---

[4] We acknowledge the other arguments Kliesh raised in his briefs but find they have no merit and do not warrant further discussion.