**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2733
_____

SHENA HICKMAN,
                    Appellant

v.

FACEBOOK/META
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:25-cv-02012)
District Judge:  Honorable Esther Salas

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2026
Before:  KRAUSE, MATEY, and BOVE, *Circuit Judges*

(Opinion filed March 25, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Shena Hickman appeals from the District Court's order dismissing her civil rights complaint with prejudice. For the following reasons, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As the District Court explained, this is at least the third action filed by Hickman against defendant Facebook/Meta. She filed this action in the Superior Court of New Jersey, and Facebook/Meta removed it to the United States District Court for the District of New Jersey. In the complaint, Hickman alleged claims for race, sex, and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as well as claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. She also alleged that she worked for Facebook/Meta in its AR/VR Reality Labs' marketing advertising group, and that she has faced retaliation for engaging in the "protected activity" of whistleblowing by exposing "criminal wrongdoing in hiring" by that group. ECF No. 1-1 at 11, 15.[1] In particular, Hickman maintained that, since she became a whistleblower, Facebook/Meta, through its "network" of "KKK Klansman, white Supremacy, Neo Nazi, local police, . . . and the people they control," has harassed and drugged her, and physically, mentally, and financially abused her. *Id.* at 11-12.

---

[1] Unless otherwise noted, all ECF references are to the underlying District Court case.

Facebook/Meta moved to dismiss the complaint arguing, inter alia, that the claims were barred by the doctrine of claim preclusion. The District Court agreed and granted the motion to dismiss. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant the motion to dismiss, *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009), including its decision to apply claim preclusion, *see Erie Indem. Co. v. Stephenson*, 157 F.4th 265, 276-77 (3d Cir. 2025). We may take summary action if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that the doctrine of claim preclusion bars Hickman's suit. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). The elements of federal-law res judicata include "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (citation omitted). As the District Court explained, all three of these elements are satisfied here.

Prior to this suit, Hickman brought suit against Facebook/Meta in the District Courts for the Northern District of California, *see* N.D. Cal. Civ. No. 4:24-cv-07470

3

(*Hickman I*), and the Southern District of Florida, *see* S.D. Fla. Civ. No. 1:25-cv-21281 (*Hickman II*). In both of those cases, the claims were dismissed with prejudice, and thus there was a final judgment on the merits, *see Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) (recognizing that "[a] dismissal with prejudice operates as an adjudication on the merits, so it ordinarily precludes future claims" (quotation marks and citation omitted)); *see also Bernstein v. Bankert*, 733 F.3d 190, 224-25 (7th Cir. 2013) (recognizing that a dismissal on res judicata grounds is a "final judgment on the merits" (citation omitted)). *See* ECF Nos. 14-3 (December 26, 2024 Order in *Hickman I*, dismissing the claims as "without legal merit" and noting amendment would be futile);[2] S.D. Fla. Civ. No. 1:25-cv-21281, ECF No. 28 (May 12, 2025 Order dismissing the claims in *Hickman II* as barred by res judicata in light of *Hickman I*). And Hickman asserted the same claims against Facebook/Meta in all three suits based on the same underlying set of facts. *See* ECF Nos. 1-1 at 9-17, 14-2, & 14-5.

Here, Hickman's response to the motion to dismiss was filled with speculative conspiracy theories, such as her allegation that the District Courts' orders in *Hickman I* and *II* were unfair and "unreliable" because Facebook/Meta used its "network" to "illegally cyberattack" the dockets in those cases and "tamper" with her filings. ECF No. 19 at 4; *see also id.* at 2. Hickman offered no argument that would undermine the

---

[2] The Ninth Circuit dismissed the appeal as frivolous. *See* ECF No. 14-4, March 26, 2025 Order in C.A. No. 25-45.

District Court's conclusion that res judicata barred her suit, and none is apparent. Accordingly, dismissal with prejudice was proper. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) (recognizing that a dismissal on res judicata grounds is necessarily with prejudice because amendment would be futile); *see also Talley v. Wetzel*, 15 F.4th 275, 285 n.6 (3d Cir. 2021).

For the foregoing reasons, the appeal fails to present a substantial question, and we will summarily affirm the District Court's judgment.[3] We note that many of the motions and other documents that Hickman has filed in this appeal are frivolous, repetitive, and otherwise abusive. Hickman is warned that, if she continues to file documents with this Court that are frivolous, repetitive, or otherwise abusive, we will prohibit her from filing documents using the Court's emergency motions email address and from obtaining electronic filing privileges pursuant to 3d Cir. L.A.R. Misc. 113.2(d). We also will consider imposing other sanctions. Such sanctions could include a monetary fine, an order restricting her ability to file documents with this Court until the fine is paid, and other restrictions on her ability to file documents with this Court. In addition, now that

---

[3] On appeal, Hickman has filed scores of motions and "emergency motions" alleging that Facebook/Meta, through its lawyers and "network," including the New York City Police Department, is retaliating against her in various ways, such as by threatening, stalking, drugging, harassing, assaulting, and cyberattacking her. These motions are denied, as are all of Hickman's other motions, including her motion for appointment of counsel, motions which "Request Email Notification CM/ECF Docket Updates and Waive Outstanding Pacer Fees," "Motion to Submit Photographic Evidence," and motions for a restraining order.

we have resolved this appeal, Hickman is prohibited from filing further documents in this appeal except for a timely petition for rehearing and any motions necessary to bring a timely petition for rehearing into compliance with the rules governing such petitions. Any violation of this prohibition will result in the loss of Hickman's ability to submit documents through the emergency motions email address, and could result in further sanctions, as noted above.