HAROLD ROBERTS, PLAINTIFF-RESPONDENT, v. JOHN GOLDNER, THOMAS HIGHTON, DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY, HARRISON C. HULTMAN, DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE, ROBERT McKECHNIC, SUPERVISOR OF ACCOUNTS, ALL OF THE CITY OF UNION CITY, AND THE CITY OF UNION CITY, A MUNICIPAL CORPORATION, DEFENDANTS-APPELLANTS.

Argued November 28, 1978—Decided February 1, 1979.

*Mr. Robert L. Garibaldi* argued the cause for appellants (Messrs. *Burke, Sheridan* and *Hourigan* and *Mr. Edward J. Lynch,* attorneys).

*Mr. Victor P. Mullica* argued the cause for respondent.

The opinion of the court was delivered by

SULLIVAN, J. This is a companion case to *Adams v. Gold-ner,* decided by us this day. 79 *N. J.* 78 (1979). *Adams* involved a suit by a taxpayer which in essence challenged the legality of the promotion appointment of Patrolman John

Goldner to the position of sergeant in the Union City Police Department on the ground that no vacancy existed when the appointment was made. In that case the trial judge had ruled that a vacancy did exist and that the appointment was valid. Judgment had been entered dismissing plaintiff's suit. On appeal the Appellate Division reversed and sustained plaintiff's contention that no vacancy existed at the time the appointment was made. Our opinion filed this day, *supra,* has affirmed the Appellate Division ruling in *Adams.*

Immediately following the trial court's decision in *Adams* the present suit was instituted by another taxpayer. It is similar in every respect to *Adams* except that Harold Roberts, also suing as a taxpayer, is named as plaintiff. The suit was filed by the same attorney who represented Adams; it pleaded the same facts, raised the same issues, named the same defendants and sought the same relief as in *Adams.*

On a motion for summary judgment made by defendants, the trial judge ruled that the subject matter of the *Roberts* suit had been decided in *Adams* and was *res judicata.* Judgment was entered dismissing the *Roberts* complaint; plaintiff appealed.

The Appellate Division heard the *Adams* and *Roberts* appeals at the same time. As noted, in *Adams* it reversed the trial ruling and set aside the Goldner appointment. However, in the *Roberts* appeal, the Appellate Division, in an unreported decision, did not rule on the question of *res judicata.* Rather, it reversed the summary judgment dismissing the *Roberts* complaint and again set aside the Goldner appointment "[f]or the reasons stated" in *Adams.* This Court granted certification. 77 *N. J.* 492 (1978). We conclude that the Appellate Division should have upheld the dismissal.

The subject matter of the *Roberts* suit was precisely the same as that previously adjudicated in *Adams.* Indeed, the Appellate Division in its opinion therein so noted. On this

basis, the issue of *res judicata* raised by defendants was squarely presented and should have been decided.

██ A cause of action once finally determined between parties on the merits by a tribunal having jurisdiction cannot be relitigated by those parties, *or their privies,* in a new proceeding. *Washington Tp. v. Gould,* 39 *N. J.* 527, 533 (1963); *In re Petition of Gardiner,* 67 *N. J. Super.* 435, 447–448 (App. Div. 1961). Here the facts pleaded, issues raised, relief sought and defendants involved are identical with those in *Adams.* The only difference is the named plaintiff in each suit. However, each plaintiff was suing as "a resident, citizen and taxpayer" of Union City.

It was held in *Gardiner, supra,* in a situation similar to that here presented, that

> [a] taxpayer attacking governmental action in which he has no peculiar personal or special interest is taken to be suing as a representative of all taxpayers as a class. The general rule is that in the absence of fraud or collusion a judgment for or against a governmental body in such an action is binding and conclusive on all residents, citizens and taxpayers with respect to matters adjudicated which are of general and public interest.
>
> [67 *N. J. Super.* at 448]

The rule is stated in *Corpus Juris Secundum* as follows:

> In the absence of fraud or collusion, a judgment for or against a governmental body, * * * or a board of officers properly representing it, is binding and conclusive on all residents, citizens, and taxpayers with respect to matters adjudicated *which are of general and public interest * * *. The rule is frequently applied to judgments rendered in an action between certain residents or taxpayers and a * * * municipality * * *, it being held that all other citizens and taxpayers similarly situated are represented in the litigation and bound by the judgment * * *.*
>
> [50 *C. J. S.* Judgments § 796 at 337–338; emphasis supplied; footnotes omitted]

Roberts, plaintiff taxpayer herein, was asserting precisely the same grievances set forth by another taxpayer in *Adams*

and ruled on by a competent tribunal in that case. The issue presented herein was, therefore, *res judicata,* and the complaint was properly dismissed by the trial court. It is immaterial that the trial ruling in *Adams* ultimately was held to be erroneous. The judicial determination in that case, first by the trial judge and then by the appellate court, was dispositive of the issues presented.

Reversed.

*For reversal*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For affirmance*—None.