**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4755-17T3

M.A.,[1]

     Plaintiff-Respondent,

v.

A.I.,

     Defendant-Appellant.

_____

Argued October 17, 2019 – Decided October 31, 2019

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0973-09.

A.I., appellant, argued the cause pro se.

M.A., respondent, argued the cause pro se.

PER CURIAM

---

[1] We use initials in this opinion to be consistent with our prior appellate decision in order to protect the children's privacy notwithstanding they are now adults.

Defendant appeals from a June 1, 2018 denial of his motion for reconsideration of an April 20, 2018 denial of a motion for relief from judgment and motion for recusal of the trial judge.

The parties were involved in an extensive and extended matrimonial litigation dating back to 2009, which resulted in over 120 orders to date. The litigation was bifurcated into two separate trials – one to determine the custody and parenting time issues, M.A. v. A.I., No. A-4021-11 (App. Div. Dec. 15, 2014), and one to determine the financial issues, M.A. v. A.I., No. A-2800-13 (App. Div. April 4, 2017). The history of this case is fully recounted in our prior decisions and need not be fully repeated here.

In sum, plaintiff and defendant married in Romania in 1989 and had two children, both of whom are now adults. On January 7, 2009, plaintiff filed a complaint for divorce based on irreconcilable differences. As a result of the extensive number of motions filed, the trial court bifurcated the matter, separating the custody and parenting claims from the financial claims. The custody and parenting claims resulted in numerous orders and a twenty-three day trial to determine if defendant alienated the children from their mother.

The trial included expert witnesses, resulting in high expert and counsel fees for both litigants. The trial judge issued an order mandating, among other

2

issues, therapy for the family and that defendant contribute to the cost. Defendant appealed the trial court's decision. We reversed and remanded the matter due to the trial court's impermissible reliance on parental alienation syndrome, because the reliability and acceptance of the science undergirding the theory was not established at trial.

We issued that decision on December 15, 2014. In the interim, the bifurcated financial matters continued in litigation. On November 14, 2013, following an eight-day trial, the court entered a final judgment of divorce. In addition to ordering equitable distribution of the marital assets, the trial court found plaintiff's legal fees approximated $797,278, of which $520,000 were associated with the custody portion of the litigation, and defendant's legal fees totaled $117,712 to two different attorneys. Because a significant portion of the legal fees were incurred from enforcing various custody orders against defendant and compelling his compliance with other court orders, the court found defendant acted in bad faith and caused the protracted litigation in the custody phase. As a result, the court held defendant responsible for $370,000 of plaintiff's legal fees, plus interest, for the custody phase of the divorce litigation, as well as for all of the expert fees.

A-4755-17T3

After the court entered the final judgment for divorce in November 2013, defendant moved for reconsideration, objecting to fourteen of the twenty-one decisions rendered. On February 4, 2014, the court denied the motion for reconsideration. Two days later, the court signed an amended judgment of divorce clarifying the amount credited to each party, and the total amount defendant owed plaintiff was $308,340, whereas plaintiff owed defendant $43,596. Even after applying the amounts held in escrow for defendant's obligations, $264,804 was still due.

Defendant appealed from the final judgment of divorce and the denial of the motion for reconsideration. We affirmed the trial's court decision on April 4, 2017, after we determined the judge's findings were well supported by the record. With respect to the legal fees and defendant's contentions of improper bifurcation of the matters, we found no abuse of discretion.

Defendant appealed the matter to the New Jersey Supreme Court, and his petition was denied. M.A. v. A.I., 233 N.J. 108 (2017). He then appealed to the United States Supreme Court, and was denied certiorari. A.I. v. M.A., ___ U.S. ___, 138 S. Ct. 980 (2018). Following these denials, he returned to the Family Part and moved for recusal of the judge as well as for relief from the financial judgment. While he did not file a proper motion for recusal and instead sent a

letter to the assignment judge, the trial judge nevertheless chose to address the matter. Defendant contended the judge should recuse himself both because he served in the Civil Division with a presiding judge whose wife was involved in the underlying matrimonial litigation, and because defendant believed the judge would hold him in contempt for his submission of inappropriate certifications. The trial judge rejected the argument as specious and baseless, and so do we.

Pursuant to Rule 4:50-1, defendant argued he was entitled to relief from the judgment of divorce because the financial determinations made therein were made without knowledge of our decision reversing and remanding the custody matter. Defendant asserted that because the original custody determination was reversed, the apportionment of fees from the custody trial was inappropriate, and plaintiff was therefore no longer entitled to the award of any fees based on that trial. The trial judge denied the motion for relief from judgment, stating one of the "basic concept[s] of the rule of law . . . is that litigants are entitled to finality. . . . [M]atters decided by a [c]ourt are not subject to an . . . infinite number of challenges to the decisions of the [c]ourt." He held the denial of defendant's petition to the United States Supreme Court should have concluded defendant's challenges to the four-year old order, and found "none of the reasons outlined in [Rule] 4:50-1 support[] amending the judgment order." Ultimately,

the trial judge rejected the motion because there was no basis for defendant's application, and defendant was "not entitled to re-litigate the same matters over and over again."

On May 7, 2018, defendant then moved for reconsideration pursuant to Rule 4:49-2, which was also denied. The trial judge declined to hear oral arguments on the matter, citing Kozak v. Kozak,[2] holding a court need not grant oral argument if satisfied the motion is made for the purpose of abusing the judicial system and the other parties. He also denied oral argument because it would be unproductive, given the motion did not properly present substantive issues to the court, citing Palombi v. Palombi, 414 N.J. Super. 274, 285-88 (App. Div. 2010). The trial judge again found defendant's motion to be specious, and that the same arguments were already litigated and rejected by this court, and further held the motion for recusal was baseless for the reasons given in his decision on the initial motion. While the trial judge also found this matter to be frivolous litigation under Rule 1:4-8, he declined to impose sanctions.

This appeal followed. Defendant raises the following issues on appeal.

> POINT I. THE REVERSAL OF THE ATTORNEY AND EXPERT FEES WAS DELAYED BECAUSE OF THE FAILURE TO PROPERLY APPLY [RULE] 4.42-9(D) AND AN IMPROPER BIFURCATION.

---

[2] 280 N.J. Super. 272 (Ch. Div. 1994).

POINT II. THE REVERSAL OF THE ATTORNEY AND EXPERT FEES IS GUARANTEED UNDER [RULE] 4.50-1(E).

POINT III. APPARENT CONFLICT OF INTEREST AND BIASED DECISIONS HAVE NEGATIVELY AFFECTED THIS CASE.

We address each argument in turn. At the outset, we note res judicata bars re-litigation of claims or issues already litigated. Velasquez v. Franz, 123 N.J. 498, 505 (1991). "In essence, the doctrine . . . provides that a cause of action between parties that has been finally determined on the merits by a [court] having jurisdiction cannot be re[-]litigated by those parties or their privies in a new proceeding." Ibid. (citing Roberts v. Goldner, 79 N.J. 82, 85 (1979)). "For a judicial decision to be accorded res judicata effect, it must be a valid and final adjudication on the merits of the claim." Id. at 506 (citation omitted).

Defendant had the chance to fully litigate all of the issues now before the court during his custody and financial trial appeals. His chance to litigate and appeal any issues from the trial judges' decisions was during those trials and subsequent appeals of the case in 2014 and 2017. When this matrimonial case was bifurcated into separate trials for custody and financial issues, each of those matters was fully litigated in extensive trials, including a twenty-three day trial

regarding the custody and parenting time issues and an eight-day trial regarding the financial issues.

When these trials were appealed, we rendered comprehensive, final, and binding decisions regarding the matters. Our 2014 decision reversed the custody determination on the very specific issue of the trial judge's error in basing custody and parenting time determinations on unreliable science in the expert's testimony. We remanded the matter to the Family Part for establishment of a parenting time schedule for defendant and potential reunification with his children, and the New Jersey Supreme Court denied the petition to hear the case. Thus, notwithstanding the remand, our decision was final and binding on the parties.

The 2017 decision regarding the financial issues affirmed the decisions of the trial judge in full. The panel addressed and adjudicated all the meritorious arguments defendant raised, including but not limited to the award of fees to the plaintiff. Ultimately, we affirmed the trial judge's decision, holding he did not abuse his discretion by awarding attorney's fees to plaintiff because defendant acted in bad faith, and defendant's petitions to the New Jersey and United States Supreme Court were subsequently denied. As such, our decision regarding the financial issues trial was a final decision on the merits and is therefore binding

8

on the parties. Defendant is now contesting these same findings by merely repackaging his arguments. His argument rests on the logic that because our 2014 custody decision was reversed and remanded, the portion of the fees awarded in the financial trial relating to the 2014 decision should also be reversed. However, defendant's argument does not recognize that fees were awarded due to his bad faith actions throughout the entire matrimonial litigation and nothing in our custody decision undermined such a finding. Moreover, the findings defendant contests were already affirmed and are binding under the doctrine of res judicata as discussed above.

Therefore, defendant is estopped from bringing this claim under the doctrine of res judicata. The same reasoning applies to defendant's argument concerning bifurcation. Defendant already contested the bifurcation in his appeal of the financial trial, and the matter was decided. As discussed above, res judicata bars re-litigation of this issue.

Similarly, defendant's arguments regarding <u>Rule</u> 4:42-9(a)(1) are unpersuasive. Defendant contends, under <u>Rule</u> 4:42-9(d), the fee award was impermissible, as subsection (d) prohibits separate orders for allowances of fees. It states, "[a]n allowance of fees made on the determination of a matter shall be included in the judgment or order stating the determination." <u>R.</u> 4:42-9(d).

However, the rule's annotations provide little to no assistance for defendant's claim that this portion of the rule precludes the award of attorney's fees in this matter. Here, defendant is not contesting the timing of the application made for an award of counsel fees, but rather is contesting the judgment awarding the fees itself. Further, there are no facts in the record indicating the application for counsel fees was made out of time, nor is this the argument defendant is attempting to make with regard to the rule. The rule's intention is to ensure later applications for the award of attorney's fees are not made after a final determination on the case as a whole has been made, which was not the case here.

Moreover, the trial judge properly awarded counsel and expert fees to the plaintiff, making findings of fact, which we affirmed in 2017. We found the trial judge did not abuse his discretion by awarding expert and counsel fees to plaintiff because defendant acted in bad faith during litigation.

Having fully considered the record and the submissions of the parties, pursuant to Rule 2:11-3(e)(1)(E) we do not address defendant's additional arguments because they lack sufficient merit to warrant discussion in a written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4755-17T3