**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2865-19

G.W.,

     Plaintiff-Appellant,

v.

AMERICAN DAY CD
CENTERS, LLC, d/b/a HIGH
FOCUS CENTERS,

     Defendant-Respondent.

_____

Submitted March 2, 2021 – Decided May 7, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3077-19.

Eric J. Warner, attorney for appellant.

Garfunkel Wild, P.C., attorneys for respondent (Marianne Monroy and Michael J. Keane, Jr., on the brief).

PER CURIAM

Plaintiff G.W. appeals from a February 28, 2020 order dismissing his complaint with prejudice.[1] The trial court held that plaintiff's claims were barred by principles of res judicata and the entire controversy doctrine because they arose from the same transaction or occurrence as claims that had previously been dismissed in a civil action plaintiff had brought against defendant in the United States District Court for the District of New Jersey. We agree and affirm.

I.

Plaintiff was employed by defendant American Day CD Centers, LLC d/b/a High Focus Centers (High Focus or defendant) for several years until he was fired in September 2017.

In October 2018, plaintiff, representing himself, sued High Focus and Care Station Medical Group (Care Medical) in federal court. [G.W.] v. Am. Day CD Ctrs., LLC, No. 2:18-cv-14610-SDW (D.N.J. Apr. 2, 2019) (the Federal Action). In that action, plaintiff alleged that High Focus had impermissibly obtained confidential information about medications he was taking after plaintiff was given a random drug screening test and Care Medical analyzed the results.

---

[1] The facts of this case involve discussions of medication and disabilities. Consequently, we identify plaintiff by his initials to protect the confidentiality of his medical records.

In his Federal Action complaint, plaintiff asserted that High Focus had unlawfully discriminated against him based on a disability disclosed by the medications he was taking. He went on to assert that High Focus had violated the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, and other federal and New Jersey statutes, including the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213, the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 to 1461, and the Family Leave Act, N.J.S.A. 34:11B-1 to -16. Plaintiff sought various forms of relief, including "[b]ack-pay/front-pay" for "wrongful termination," "compensatory damages," and "punitive damages."

High Focus filed a motion to dismiss plaintiff's Federal Action, contending that plaintiff had failed to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)). Care Medical moved for a more definite statement in accordance with Federal Rule of Civil Procedure 12(e). Plaintiff opposed those motions and filed an amended complaint.

In April 2019, the federal court entered an order dismissing plaintiff's complaint. Specifically, the federal court granted High Focus's motion to dismiss the complaint under Rule 12(b)(6), "sua sponte" dismissed all claims

A-2865-19

against Care Medical under Rule 12(b)(6), and dismissed as moot the motion by Care Medical for a more definite statement.

Plaintiff did not move for clarification or reconsideration in federal court. Nor did plaintiff file an appeal from the Federal Action order with the United States Court of Appeals for the Third Circuit.

Instead, plaintiff hired a lawyer and on September 3, 2019, he filed this action in the Law Division (the State Action). In his State Action, plaintiff asserted claims under LAD "to remedy unlawful handicap discrimination; common law wrongful termination for violations of public policy as expressly provided in statutes with regulations other than [LAD]; and intentional infliction of emotional distress." Plaintiff's State Action complaint included three counts entitled: (1) "Handicap Discrimination;" (2) "Wrongful Termination;" and (3) "Intentional Infliction of Emotional Distress." As he had in his Federal Action, plaintiff alleged High Focus had obtained information about medication he was taking to treat a "disability/handicap." Plaintiff also alleged that High Focus had used that information to discriminate against and ultimately fire him. Plaintiff sought money damages "including, but not limited to, lost, past and future salary and fringe benefits;" "compensatory damages;" and "punitive damages."

4

High Focus moved to dismiss plaintiff's State Action complaint, contending that it was barred by principles of res judicata and the entire controversy doctrine. Following oral argument, on February 28, 2020, the trial court issued a written opinion and entered an order dismissing plaintiff's complaint with prejudice. The court held that plaintiff's State Action was barred by principles of res judicata and the entire controversy doctrine.

II.

Plaintiff appeals and argues that his State Action is not barred by res judicata for four reasons: (1) the dismissal of the Federal Action was without prejudice; (2) the Federal Action was dismissed based on Federal Rule of Civil Procedure 8 and not Rule 12(b)(6); (3) the federal court could not have properly adjudicated the merits of the federal complaint because it acknowledged that the complaint was confusing and poorly drafted; and (4) dismissing the complaint based on res judicata would be fundamentally unfair. Plaintiff also argues that his State Action is not barred by the entire controversy doctrine. We disagree.

The application of res judicata and the entire controversy doctrine are questions of law and, accordingly, we review those issues de novo. See Int'l Union of Operating Eng'rs Loc. No. 68 v. Merck & Co., Inc., 192 N.J. 372, 386 (2007); Walker v. Choudhary, 425 N.J. Super. 135, 151 (App. Div. 2012).

5

Moreover, as these issues arose on a motion to dismiss, we use a de novo standard of review. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019) (citing Stop & Shop Supermarket Co., LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017)); Rezem Fam. Assocs. v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011).

Under principles of res judicata, a "cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Velasquez v. Franz, 123 N.J. 498, 505 (1991) (citing Roberts v. Goldner, 79 N.J. 82, 85 (1979)). There are three basic elements for res judicata to apply:

> (1) [T]he judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 412 (1991) (citations omitted).]

In determining whether claims are precluded from re-litigation by a preceding suit, res judicata and the entire controversy doctrine apply in tandem. McNeil v. Legis. Apportionment Comm'n, 177 N.J. 364, 395 (2003). The entire

6

controversy doctrine mandates that "all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Cogdell by Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15 (1989). Accordingly, not only are parties to a litigation barred from subsequently bringing claims that were litigated, they are likewise barred from litigating "all relevant matters that could have been so determined." Watkins, 124 N.J. at 412 (citing Culver v. Ins. Co. of N. Am., 115 N.J. 451, 463 (1989)); see R. 4:30A (stating failure to join claims as required by entire controversy doctrine "shall result in the preclusion of the omitted claims"); see also Dimitrakopoulos, 237 N.J. at 108 (quoting Thornton v. Potamkin Chevrolet, 94 N.J. 1, 5 (1983)) (noting the entire controversy doctrine "seeks to impel litigants to consolidate their claims . . . whenever possible").

There are two central issues on this appeal. First is whether the claims in the Federal Action are the same as the claims in the State Action, and whether any new claims in the State Action could have been asserted in the Federal Action. A comparison of the two complaints establishes that they asserted the same causes of action and, to the extent that any new cause of action was asserted in the State Action, it could have and should have been asserted in the Federal Action. The complaint in the State Action is based on the same material

factual allegations as the complaint in the Federal Action. Although the Federal Action complaint was long and confusing, it asserted the same material facts as the State Action complaint. Just as important, both complaints involve the same "transaction." That is, both complaints arose out of plaintiff's employment with High Focus and the alleged discrimination and wrongful termination. Moreover, the Federal Action complaint expressly asserted a LAD claim and sought the same relief as that plaintiff sought in the later filed State Action.

The second central issue is whether the dismissal of the Federal Action was an adjudication on the merits. The Federal Rules of Civil Procedure and case law definitively answer that question as yes.

The dismissal of the Federal Action was based on Rule 12(b)(6). Plaintiff's argument that the order was based on Federal Rule of Civil Procedure 8 is inconsistent with the order entered by the federal court. While the federal order itself does not expressly state that the action was dismissed with prejudice, under Federal Rule of Civil Procedure 41(b), it is deemed to be with prejudice. That rule addresses involuntary dismissals and explains that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Ibid.

A-2865-19

Our Supreme Court has already held that a federal action dismissed under Rule 12(b)(6) is an adjudication on the merits and, therefore, a subsequent state action is barred by principles of res judicata. Velasquez, 123 N.J. at 507-09. In that regard, our Supreme Court has explained:

> A judgment of involuntary dismissal or a dismissal with prejudice constitutes an adjudication on the merits "as fully and completely as if the order had been entered after trial."
>
> . . . .
>
> Under both federal and New Jersey law the district court judgment [based on Rule 12(b)(6)] was an adjudication on the merits.
>
> . . . .
>
> Thus, under the federal rules, a motion to dismiss for failure to state a claim is an adjudication on the merits for res judicata purposes, unless the judge specifies that it is "without prejudice."
>
> [Id. at 507 (quoting Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972)).]

Plaintiff incorrectly argues that the Velasquez ruling is outdated law. Just last year, the United States Court of Appeals for the Third Circuit reiterated the rules and law relied upon by the Velasquez court. See Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 610 (3d Cir. 2020). In that case, the court explained the difference between a voluntary dismissal and an involuntary

9

dismissal.  "For <u>voluntary</u> dismissals, the default rule is that a plaintiff's first dismissal is without prejudice."  <u>Ibid.</u> (citing Fed. R. Civ. P. 41(a)).  "For <u>involuntary</u> dismissals, the default rule is the opposite.  'Unless the dismissal order states otherwise,' it 'operates as an adjudication on the merits' and so . . . is with prejudice."  <u>Ibid.</u> (quoting Fed. R. Civ. P. 41(b)).

The order entered by the federal court in plaintiff's action was an involuntary dismissal.  High Focus had moved for dismissal under Rule 12(b)(6) and plaintiff had opposed that motion.  The federal court granted the Rule 12(b)(6) dismissal over plaintiff's objection, after reviewing plaintiff's amended complaint.  To the extent that plaintiff contends that the order should have been entered without prejudice and that he should have been allowed to amend his complaint a second time, his remedy was to make a motion in the Federal Action.  Having failed to make a motion in the Federal Action or to appeal in the Federal Action, the dismissal became a final adjudication on the merits.

In summary, plaintiff's complaint in the Federal Action was dismissed after an adjudication on the merits under Rule 12(b)(6).  When plaintiff failed to appeal in federal court, that adjudication became final and was a dismissal with prejudice.  Accordingly, plaintiff's complaint in the State Action was barred by principles of res judicata and the entire controversy doctrine.

A-2865-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2865-19