**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0559-20

CLAUDE TOWNSEND,

    Petitioner-Appellant,

v.

NEW JERSEY TRANSIT,

    Respondent-Respondent.

_____

           Submitted January 20, 2022 – Decided February 2, 2022

           Before Judges Alvarez and Haas.

           On appeal from the State of New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2018-32228.

           Claude Townsend, appellant pro se.

           Brown & Connery, LLP, attorneys for respondent (Stephanie L. Meredith, on the brief).

PER CURIAM

Petitioner Claude Townsend appeals from the October 7, 2020 order of the Workers' Compensation Court (the court) granting respondent New Jersey Transit's motion to dismiss his claim petition. We affirm.

The material facts are not in dispute. Townsend previously worked for respondent as a bus driver. On January 29, 2008, Townsend's bus was involved in an accident. He filed a claim petition seeking workers' compensation benefits for alleged injuries to his hands, chest, and shoulder, and to treat "a psychiatric component."[1] The court dismissed Townsend's petition with prejudice on October 4, 2010 because he "fail[ed] to sustain [his] burden of proof." Townsend appealed that determination, and we dismissed his appeal on February 9, 2011 when he failed to prosecute it.

Five years later, Townsend filed an application with the court seeking to reopen or modify its prior order dismissing his petition with prejudice. On July 25, 2016, the court granted respondent's motion to dismiss Townsend's application with prejudice because it was untimely.

On August 13, 2018, Townsend filed an application in the Appellate Division to reopen his prior claim petition. We treated this application as an

---

[1] After discharging the attorney who filed the claim petition, as well as a second attorney, Townsend represented himself in all of the proceedings relevant to this appeal.

A-0559-20

appeal from the court's July 25, 2016 order and dismissed the appeal with prejudice on September 11, 2018 because it was untimely.

A few weeks later, Townsend filed yet another application with the court and again asked for review of the prior dismissal of his claim petition. Townsend alleged the Workers' Compensation judge who dismissed his petition on October 4, 2010  was biased against him.  He also argued that because he was recently successful in obtaining Social Security disability benefits, respondent should now be required to pay him workers' compensation.  Respondent moved to dismiss Townsend's application and asked the court to order him to pay the costs it incurred in responding to his pleadings.

On October 7, 2020, the court granted respondent's motion and dismissed Townsend's latest petition with prejudice.  In its comprehensive written decision, the court ruled that Townsend was again attempting to relitigate his original claim.  The court found there was no evidence that the judge who dismissed that claim was biased against Townsend.  Because Townsend's current petition was frivolous, the court ordered him to pay respondent $900.99 it "expended on transcript costs" and $250 in counsel fees.

On appeal, Townsend presents the following contentions:

> I.  THE TRIAL COURT ERRED IN GRANTING [THE] ORDER FOR DISMISSAL TO

A-0559-20

[RESPONDENT] BECAUSE THE [PETITIONER] NEVER HAD A HEARING FOR THE DISCRIMINATION MOTION.

II.   EVEN IF [PETITIONER'S] CASE WAS DISMISSED FOR FRIVOLOUS LITIGATIONS, THIS COURT SHOULD ADOPT THE "THIRD CIRCUIT COURT OF APPEALS SOCIAL SECURITY JUDGMENT" SO [PETITIONER] CAN BE COMPENSATED FOR HIS LOSSES.  (Not raised below).

We have considered Townsend's contentions in light of the record and the applicable legal principles, and conclude they are without sufficient merit to warrant extended discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We add the following brief comments.

The court properly rejected Townsend's repeated claims for workers' compensation benefits for the January 29, 2008 bus accident.  "[T]he doctrine of res judicata provides that a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding."  Velasquez v. Franz, 123 N.J. 498, 505 (1991) (citing Roberts v. Goldner, 79 N.J. 82, 85 (1979)).  Here, Townsend has already unsuccessfully litigated the issue of whether he is eligible for workers' compensation benefits multiple times before

the court and the Appellate Division. He is not entitled to another bite of the apple at this late date.

Townsend's claim that the first judge who dismissed his complaint was biased against him also lacked merit. A party's contention that a trial judge was unfair or biased "cannot be inferred from adverse rulings against a party." Strahan v. Strahan, 402 N.J. Super. 298, 318 (App. Div. 2008). Based on our review of the appellate record, we conclude that all of the judges who presided over the workers' compensation proceedings accorded Townsend a full opportunity to present arguments in support of his claims. Therefore, we reject Townsend's unsupported contentions to the contrary.

Finally, we find no significance in the Social Security Administration's determination that Townsend was entitled to Social Security disability benefits. The Administration has its own statute and applies different standards than the Workers' Compensation Court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5