**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1533-20

CLIFFORD JEFFERSON[1],

    Plaintiff-Appellant,

v.

CITY AND STATE DEPT.
HEALTH AND VITAL
STATISTICS, and STATE OF
NEW JERSEY,

    Defendants-Respondents.

_____

Argued May 18, 2022 – Decided June 30, 2022

Before Judges Gilson, Gooden Brown, and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-8811-20.

Clifford Jefferson, appellant, argued the cause pro se.

---

[1] In the verified complaint before the Middlesex County trial court, the plaintiff is identified as "English Church of England, Member, et al." The verification, however, makes it clear that Mr. Jefferson is the party pursuing the action. Mr. Jefferson also describes himself as the plaintiff in his appeal documents.

Charly Gayden, Assistant City Attorney, argued the cause for respondent City of New Brunswick (Office of the City Attorney, attorney; Charly Gayden, on the brief).

Caroline Gargione, Deputy Attorney General, argued the cause for respondent State of New Jersey, Department of Health, Office of Vital Statistics and Registry (Matthew J. Platkin, Acting Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Caroline Gargione, on the brief).

PER CURIAM

Plaintiff Clifford Jefferson appeals from a January 5, 2021 order dismissing his complaint with prejudice. In his complaint, plaintiff sought to compel defendants to amend his birth certificate to include information about his ancestry and nationality. Plaintiff had sought the same relief in an earlier action that had been dismissed with prejudice for failure to state a claim upon which relief can be granted. Accordingly, plaintiff's second action is barred by principles of res judicata and the entire controversy doctrine. We, therefore, affirm the order dismissing the second action.

On January 14, 2020, plaintiff filed a complaint against the Middlesex County Surrogate Court Probation Office, the New Jersey Department of Health, Office of Vital Statistics and Registry (the Department), and the Department of Health and Vital Statistics of the City of New Brunswick (the City) (the First

2

A-1533-20

Action). Defendants moved to dismiss the complaint under Rule 4:6-2(e), contending that the complaint failed to state a claim upon which relief could be granted.

On May 22, 2020, after hearing oral argument, the court in the First Action entered an order dismissing the complaint without prejudice, allowing plaintiff to amend his complaint. Plaintiff filed an amended complaint on May 29, 2020.

The amended complaint contained numerous allegations and passages explaining plaintiff's heritage and beliefs. In essence, plaintiff alleged that his birth certificate failed to include information about his ancestry, nationality, and religion, and he sought to compel defendants to issue a new birth certificate. Plaintiff also sought money damages for alleged wrongs concerning the information in his original birth certificate and defendants' failures to correct his birth certificate.

Defendants moved to dismiss the amended complaint for failure to state a claim upon which relief could be granted. After hearing oral argument, on October 16, 2020, the court in the First Action entered an order dismissing plaintiff's complaint with prejudice. Plaintiff did not appeal from that order and the dismissal of the First Action became final.

3

On December 28, 2020, plaintiff commenced this action by filing a verified complaint and order to show cause (the Second Action). In the verified complaint, plaintiff is identified as "English Church of England, Member, et al." but the verification makes clear that plaintiff is the party pursuing the action. Like the amended complaint in the First Action, the complaint in the Second Action named the Department and the City as defendants. The complaint in the Second Action also added as a defendant the Registrar of the City's Department of Health and Vital Statistics. The complaint in the Second Action included many of the allegations plaintiff had pleaded in the amended complaint in the First Action. The complaint in the Second Action also sought the same relief sought in the First Action: the amendment of plaintiff's birth certificate and money damages.

Defendants moved to dismiss the complaint in the Second Action. On January 5, 2021, the court denied plaintiff's request for an order to show cause and dismissed the complaint in the Second Action with prejudice. The court in the Second Action found that the complaint was essentially identical to the amended complaint that had been dismissed with prejudice in the First Action.

4

Plaintiff now appeals from the order dismissing his complaint in the Second Action. We affirm the order of dismissal based on principles of res judicata and the entire controversy doctrine.

The application of res judicata and the entire controversy doctrine are questions of law and, accordingly, we review those issues de novo. See Int'l Union of Operating Eng'rs Loc. No. 68 v. Merck & Co., Inc., 192 N.J. 372, 386 (2007); Walker v. Choudhary, 425 N.J. Super. 135, 151 (App. Div. 2012). Moreover, as these issues arose on a motion to dismiss, we use a de novo standard of review. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019) (citing Stop & Shop Supermarket Co., LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017)); Rezem Fam. Assocs. v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011).

Res judicata is the Latin term meaning "a matter decided." Under principles of res judicata, a "cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Velasquez v. Franz, 123 N.J. 498, 505 (1991) (citing Roberts v. Goldner, 79 N.J. 82, 85 (1979)). There are three basic elements for res judicata to apply:

5

> (1) [T]he judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [McNeil v. Legis. Apportionment Comm'n of State, 177 N.J. 364, 395 (2003) (quoting Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991)).]

In determining whether claims are precluded from re-litigation by a preceding suit, res judicata and the entire controversy doctrine apply in tandem. McNeil, 177 N.J. at 395. The entire controversy doctrine mandates that "all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Cogdell by Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15 (1989). Accordingly, not only are parties to a litigation barred from subsequently bringing claims that were litigated, they are also barred from litigating "all relevant matters that could have been so determined." Watkins, 124 N.J. at 412 (citing Culver v. Ins. Co. of N. Am., 115 N.J. 451, 463 (1989)); see R. 4:30A (stating failure to join claims as required by entire controversy doctrine "shall result in the preclusion of the omitted claims"); see also Dimitrakopoulos, 237 N.J. at 108 (noting the entire controversy doctrine "seeks to impel litigants to consolidate their claims

6

. . . whenever possible" (quoting <u>Thornton v. Potamkin Chevrolet</u>, 94 N.J. 1, 5 (1983))).

The final order in the First Action was a valid, final order. The court in the First Action dismissed plaintiff's complaint with prejudice after he failed to state a cause of action and, accordingly, the order became a final judgment when plaintiff failed to appeal. The parties in the First and Second Action are the same or in privity. Finally, the claims in the Second Action are essentially the same claims asserted in the First Action. To the extent that plaintiff attempted to assert new claims, they are barred by the entire controversy doctrine. In short, the elements for applying res judicata and the entire controversy doctrine are met and preclude plaintiff from pursuing the Second Action. Therefore, we affirm the trial court's dismissal of plaintiff's complaint with prejudice in the Second Action.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1533-20