**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3181-22

SHARON MILLER
GROMEK,

     Plaintiff-Respondent,

v.

VITOLD F. GROMEK,

     Defendant-Appellant.

_____

Argued September 26, 2024 – Decided October 7, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0006-10.

Vitold F. Gromek, appellant, argued the cause pro se.

Respondent did not file a brief.

PER CURIAM

     Defendant Vitold F. Gromek appeals from a March 30, 2023 order that

denied his request for an accounting and correction of his probation account, as

well as for credits, damages, legal fees, and expenses. He also challenges a May 12, 2023 order, which denied his motion for reconsideration of the March 2023 order. We affirm.

This matter has a long, and as self-described by defendant, "tortured" history. As a result, we do not recite the history and facts of the case because the parties are familiar with them, and we have previously described them. See Gromek v. Gromek (Gromek I), No. A-1494-15 (App. Div. June 5, 2018) (slip op. at 1-5); Gromek v. Gromek (Gromek II), No. A-0261-20 (App. Div. June 15, 2023) (slip op. at 1-8).

In October 2022, defendant filed a motion asking the trial court to order an accounting and correction of an audit rendered by probation on March 17, 2022. He requested a "full accounting" consistent with a January 11, 2022 order, retroactive to October 1, 1998, that probation calculate the total credits due to him from October 1, 1998 to present, and the court order probation to format the corrected accounting in a weekly format. The motion also requested that probation provide a corrected statement of the alimony and child support he had paid for 2021.

Defendant also asked the court to provide its order to the Social Security Administration, because defendant's social security was being garnished by

probation to satisfy his support obligations. Defendant surmised there would be a resultant credit, which he requested be applied to his alimony obligation until it was exhausted. The motion sought an award of damages, legal fees (despite the fact defendant was self-represented), and costs.

On March 30, 2023, the motion judge issued a written opinion carefully setting forth a timeline of defendant's numerous motions, which ostensibly sought the same relief he was seeking in the October 2022 motion. She noted the court had entered orders on June 28 and July 20, 2012, directing probation to conduct an audit of defendant's account from October 1, 1998, to the present date. A December 10, 2014 order followed, establishing defendant's alimony obligation and his child support arrears payment.

The judge noted that on October 25, 2021, the court entered an order that defendant's child support arrears were paid in full; directed probation to correct its record regarding alimony and child support arrears; provide both parties with a full accounting of the child support and alimony arrears, and records previously paid; and set the credit amount on defendant's account. The October 2021 order required defendant's ongoing alimony payments to continue through probation.

A-3181-22

Defendant moved to enforce the October 2021 order. On January 11, 2022, the court entered an order finding probation had provided the arrears accounting on December 13, 2021. However, the accounting was only retroactive to October 1, 2000, whereas the court had previously required it retroactive to October 1, 1998.

The deputy attorney general (DAG) representing probation advised the court that probation would have to obtain records prior to October 2000 from microfiche. Ultimately, probation obtained the records and provided defendant with an accounting from October 1, 1998, to February 11, 2022. The court found probation had provided a full accounting to defendant, noting the records commenced with a support payment made on February 5, 1999. Moreover, the court found the format sufficient to enable defendant's review. The court terminated the garnishment of defendant's social security benefits effective February 7, 2022.

On February 17, 2022, defendant filed a motion requesting a review of the full accounting provided by probation. The court denied the motion on April 4, 2022, and subsequently denied a motion for reconsideration. Defendant filed another motion requesting discovery and asking the court to review any errors

4

in the full accounting of his probation account pursuant to the January 11, 2022 order. The court denied the motion on April 29, 2022.

The motion judge then turned to the relief defendant sought in his October 2022 filing. She noted he requested the court correct his probation account record and argued the court erred when it found probation had provided a full accounting. He claimed the accounting contained errors and was incomplete because it lacked a comparison between the total amounts paid and due.

The motion judge rejected these arguments and concluded probation had provided a full accounting by obtaining the records prior to October 1, 2000. "Probation submitted all available accounting of . . . [d]efendant's probation account and indicated to the court that [p]robation had to confer with . . . [d]efendant regarding payments before October 1, 2020." The judge found probation had complied with its obligations and the format of its accounting was "sufficient for . . . [d]efendant to review."

Defendant moved for reconsideration. He argued the court erred because "nearly all the errors cited in [the motion he] filed [in October 2022] were not litigated previously." The October 2022 motion raised "additional [p]robation account and 'full accounting' errors for the first time beyond those filed previously in [his m]otion for [e]nforcement of the [o]rder of [January 11, 2022]

5

and [his m]otion for [r]econsideration of the [o]rder of [April 4, 2022]." Defendant claimed the court overlooked the detailed evidence of the errors in his probation account and instead accepted the DAG's representations on behalf of probation. He also asserted the court made no effort "to investigate the disputed facts by way of further inquiry or request for detail, nor was cross-examination by way of a hearing permitted."

Defendant's certification then argued probation "fabricated false charges[,]" which appeared on his account. He presented a certification from a forensic accountant that he previously filed with the court in 2020 and 2022, which he claimed the court "ignored" when it entered its November 4, 2020 and April 4, 2022 orders. Defendant claimed our prior decisions were erroneous because we should not have deferred to the trial court's fact findings regarding the accountings provided by probation.

On May 12, 2023, the motion judge denied the motion for reconsideration. She noted defendant had "filed various motions requesting the same relief." However, "[d]efendant . . . failed to demonstrate what evidence the court failed to consider [and] . . . failed to provide the court with sufficient basis for [his] request." Citing our holding in Spinks v. Twp. of Clinton, 402 N.J. Super. 454, 463 (App. Div. 2008), the judge aptly noted as follows: "It is the party's burden,

6

not the court's burden, to provide the specific information contained in their proofs to support their argument."

Defendant raises the following points on appeal:

POINT I:  The [c]ourt erred and abused its judicial discretion in failing to enforce the order of 1) [July 20, 2012,] to hold a hearing, on the record, and 2) the [o]rder of [January 11, 2022,] to provide [d]efendant a complete "full accounting" and to provide "a credit for any overpayments or improper garnishments" from the period commencing from October 1, 1998[,] to the present date. . . .

POINT II:  The [c]ourt erred and abused its judicial discretion not only in overlooking or by mistake or by misapplication of law failing to comprehensively review [p]robation's alleged "accounting" and the missing and overlooked credits duly issued by court [o]rders, but given the evidence of [p]robation's withdrawal of decades of erroneous account postings and audits, the [c]ourt erred and abused its judicial discretion and its obligation to ensure the accurate enforcement of its [o]rders in a manner so as to manifestly offend the interests of justice and equity. . . .

POINT III:  The [c]ourt erred and abused its judicial discretion by 1) failing to consider [d]efendant's prima facie evidence that the [p]robation account contained voluminous errors, and 2) by failing to consider valid court [o]rders demonstrating [p]robation's account errors, 3) by failing to schedule a hearing to resolve disputed facts of the case and instead continuing to rely upon [p]robation's erroneous "accounting" and audits, and 4) by denying [d]efendant the resulting credits and income rightfully due him, and in this manner the [c]ourt denied [d]efendant due process by failing to

7

provide [d]efendant with opportunity to present proofs to support his claim of [p]robation account error - in a hearing on the record as ordered by [another judge] and as rightfully due [d]efendant as a matter of justice and equity. . . .

POINT IV: The [c]ourt erred and abused its judicial discretion in misapplying "law of the case" doctrine in a manner contrary to the [a]ppellate court's [r]emand orders of [January 17, 2022] and [October 27, 2005,] and the trial [c]ourt's [o]rders of [December 10, 2014] and [January 10, 2020,] in a manner beyond the authority and intent of the trial court and in a manner contrary to the submitted evidence. . . .

POINT V: The [c]ourt erred and abused its judicial discretion in failing to provide [d]efendant with due process and protection against unreasonable seizure of [d]efendant's private property as provided under the NJ Constitution, Article 1, in a manner contrary to the law and the interests of justice and equity. . . .

POINT VI: The [c]ourt erred and abused its judicial discretion by overlooking, or by mistake, failing to consider [d]efendant's probative, substantive evidence of probation account error not previously [litigated] and in[ ]turn relying upon the unsupported, non-substantive, non-responsive arguments of [p]robation in a manner so as to manifestly offend the interests of justice and equity. . . .

Point VII: Given the extent of the Superior Court's and [p]robation's failure to oversee and maintain an accurate [p]robation account record for the past [twenty-five] years, [d]efendant requests the [a]ppellate [c]ourt assume jurisdiction of this case so that an accurate account record can be finally

8

established and . . . full of credits rightfully due [d]efendant be granted. . . .

[Emphasis omitted.]

Our scope of review of Family Part orders is limited. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).

We apply an abuse of discretion standard when reviewing an order denying reconsideration. Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002). This standard is inherently deferential. Pitney Bowes Bank, Inc v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). This is because motions for reconsideration are granted "only under very narrow circumstances[.]" Fusco, 349 N.J. Super. at 462.

Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion . . . ." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, reconsideration lies where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div.

1990)). Our review of questions of law is always de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Res judicata bars re-litigation of claims or issues already litigated. Velasquez v. Franz, 123 N.J. 498, 505 (1991). "In essence, the doctrine . . . provides that a cause of action between parties that has been finally determined on the merits by a [court] having jurisdiction cannot be re[-]litigated by those parties or their privies in a new proceeding." Ibid. (citing Roberts v. Goldner, 79 N.J. 82, 85 (1979)). "For a judicial decision to be accorded res judicata effect, it must be a valid and final adjudication on the merits of the claim." Id. at 506 (citation omitted). The law of the case doctrine "is a non-binding rule intended to 'prevent re[-]litigation of a previously resolved issue.'" Lombardi v. Masso, 207 N.J. 517, 538 (2011) (quoting In re Est. of Stockdale, 196 N.J. 275, 311 (2008)).

Having reviewed the record pursuant to these principles, we are satisfied the motion judge did not abuse her discretion when she denied defendant's motions. The issues defendant had with probation's accounting have already been addressed by the trial court. In our last opinion, we affirmed the trial court's denial of a plenary hearing on the issue of alleged discrepancies in defendant's probation account, and recounted the following:

Defendant alleges there are discrepancies in his probation account. He points to the . . . forensic accounting report, which claims defendant overpaid $56,191.09 as of July 31, 2020. Although the court acknowledged this constituted a dispute of fact . . . the court concluded a plenary hearing was unnecessary because the issue had been "fully explored" and "correctly [ad]judged." Indeed, the October 2015 order gave defendant ninety days to address any problems with probation. According to the court, defendant "took no action" at that time. When defendant moved for a plenary hearing in January 2020, the court denied the request for the same reason, finding defendant was "re-litigating issues from prior filed motions that ha[d] been previously addressed."

The court thus treated the request for a plenary hearing at issue in the November 2020 order as a motion for reconsideration of the January 2020 order and found it untimely under Rule 4:49-2. It also concluded defendant failed to demonstrate any errors the court may have made or any evidence the court failed to consider.

. . . Because the court found the issue had already been adjudicated and defendant otherwise failed to show any errors or material the court failed to consider, a hearing would have "adduce[d] no further facts or information." Further, the record shows that after defendant submitted [the forensic] report to the court in July 2020, probation did conduct another audit, dated September 18, 2020, and found no errors. The audit indicated defendant owed $19,544.06 in arrears as of August 30, 2020. We discern neither an abuse of discretion nor any legal errors requiring reversal.

[Gromek II, (slip op. at 15-16) (internal citation omitted).]

11

Defendant's disagreement with the outcome of the latest round of motions is just that, a disagreement. His dissatisfaction with the outcome does not convince us the motion judge committed reversible error. While his claims may not have been resolved to his liking, the repeated raising of those claims by way of successive applications to the trial court does not persuade us there was either an abuse of discretion or mistake of law in the March 2023 order. Nor are we convinced that facts or law were overlooked when the motion for reconsideration was denied in May 2023.

We affirm substantially for the reasons expressed in the motion judge's March 30 and May 12, 2023 orders. To the extent we have not addressed an argument raised on this appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3181-22