**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2651
_____

JOHN W. FINK,
                              Appellant

v.

JONATHAN L. BISHOP; KAYDON A. STANZIONE; JOSEPH M. TROUPE;
STEVEN W. DAVIS; SUEZ WTS USA INC.; STEVEN W. DAVIS; ADT INC.;
EDGELINK, INC.; PRAXIS TECHNOLOGIES CORPORATION; PRAXIS
TECHNOLOGIES, INC.; J. PHILIP KIRCHNER; FLASTER/GREENBERG P.C.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:21-cv-00063)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 21 2022

Before: RESTREPO, PHIPPS and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed  September 28, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

John Fink appeals pro se from the District Court's August 16, 2021 order

dismissing, with prejudice, a complaint that he purported to file pursuant to Federal Rule

of Civil Procedure 60(d).[1]  For the reasons that follow, we will affirm that judgment.

I.

Between 2009 and 2019, Fink filed four civil actions in the District Court related

to, in one way or another, a series of credit agreements and a subsequent settlement

between Fink and Advanced Logic Systems, Inc.  See Dist. Ct. Case Nos. 1:09-cv-5078,

1:12-cv-4125, 1:13-cv-3370, & 2:19-cv-9374.  The District Court granted summary

judgment against Fink in the 2009 and 2012 cases, and it dismissed the 2013 and 2019

cases with prejudice on, inter alia, preclusion grounds.  In each of the four cases, Fink

appealed.  And in each case, we affirmed the District Court's judgment and subsequently

denied panel rehearing and rehearing en banc.  See C.A. Nos. 12-2229 (concerning the

2009 case), 17-1170 (the 2012 case), 15-2689 (the 2013 case), & 20-3572 (the 2019

case).[2]  The United States Supreme Court denied certiorari in the 2012 case, see S. Ct.

No. 18-399; Fink did not seek certiorari in the other three cases.

---

[1] Fink filed his complaint in the United States District Court for the Southern District of
New York, which then transferred it to the United States District Court for the District of
New Jersey.  Each of our references to "the District Court" in this opinion refers to the
United States District Court for the District of New Jersey.

[2] Our review in C.A. No. 20-3572 was limited to the District Court's order denying
Fink's recusal motion and his "amended motion to declare void," because Fink's notice
of appeal was untimely as to the District Court's earlier orders in that case.  See Fink v.
United States, No. 20-3572, 2021 WL 4490240, at *2 (3d Cir. Oct. 1, 2021) (per curiam).

2

In December 2020, Fink filed another civil action, this time purporting to rely on Rule 60(d). That rule provides, in pertinent part, that Rule 60 does not limit a court's power to "entertain an independent action to relieve a party from a judgment" or "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1), (3). Fink's 115-page complaint in this latest case was brought against a host of defendants, each of which/whom had been a defendant in one or more of Fink's previous four cases. The complaint alleged, inter alia, that the District Court had violated Fink's due process rights in his previous cases, that the District Court had committed "fraud upon the court," and that we had relied too much on the District Court's opinions in resolving his appeals in those cases. Fink asserted that he was "seek[ing] a new trial . . . for the purposes of pursuing the various defendants . . . who, but for [the District Court's alleged due process violations], would have had to stand trial for the[ir] various offenses." (Compl. 2.)

Fink's 2020 case was assigned to a District Judge who had not presided over any of Fink's previous cases. Thereafter, some of the defendants moved to dismiss the 2020 case pursuant to Federal Rule of Civil Procedure 12(b)(6). Fink opposed the motions to dismiss and twice sought permission to amend his complaint, though his proposed amendments reiterated the aforementioned allegations from his original complaint. On August 16, 2021, the District Court denied Fink's requests to amend, granted the motions to dismiss, and dismissed Fink's complaint in its entirety with prejudice. In doing so, the District Court concluded that Fink's "allegations fall woefully short of satisfying the exacting Rule 60(d) grave miscarriage of justice standard," Dist. Ct. Op. entered Aug. 16,

3

2021, at 1, and that his claims against the defendants were barred by the doctrine of claim preclusion (also known as res judicata).[3]  This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a district court's dismissal of a complaint at the Rule 12(b)(6) stage. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).[4]

"Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to 'prevent a grave miscarriage of justice.'" Jackson v. Danberg, 656 F.3d 157, 166 (3d Cir. 2011) (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).  Where, as here, the movant's pursuit of an independent action is based on allegations of fraud on the court, "there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. United States, 424 F.3d 384, 386 (3d Cir. 2005).  This is "a demanding standard," id. at 390; "a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself," and "it must be supported by clear, unequivocal and convincing evidence." Id. at 386-87 (internal quotation marks omitted).

_____

[3] The terms "claim preclusion" and "res judicata" "often are used interchangeably." Brownback v. King, 141 S. Ct. 740, 747 n.3 (2021).

[4] Some, but not all, of the appellees assert that some aspect of the District Court's decision, related to Fink's purported reliance on Rule 60(d), warrants review under an abuse-of-discretion standard rather than a plenary standard.  But we need not resolve this issue because we conclude that, under either standard, Fink's challenge to the District

4

We have no trouble concluding that the demanding standard for establishing fraud on the court has not been met in this case. Fink's fraud-on-the-court allegations, as well as his other allegations directed at the District Judges who presided over his previous cases, amount to nothing more than disagreements with the District Judges' rulings in those cases. And we see no other basis that would support asserting an independent action in connection with those cases. Fink exercised his right to appeal in each of them. Although he takes issue with the outcome of those appeals, his recourse was to petition the Supreme Court for a writ of certiorari, not pursue yet another action in the District Court.

In view of the above, we see no error in the District Court's denial of Rule 60(d) relief.[5] We also see no error in the District Court's decision to dismiss Fink's 2020 complaint in its entirety, and without leave to amend, pursuant to the doctrine of claim preclusion. See Beasley v. Howard, 14 F.4th 226, 232 (3d Cir. 2021) (explaining that this doctrine is satisfied when there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same

---

Court's Rule 60(d) analysis lacks merit.

[5] The District Court observed that Fink's 2020 complaint also "seems to invoke Rule 60(b)(4)," Dist. Ct. Op. entered Aug. 16, 2021, at 7, which permits a court to relieve a party from a judgment that is void. But as the District Court appeared to conclude, Fink has failed to show that he is entitled to such relief. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270-71 (2010) (explaining that a judgment is not void simply because it may have been erroneous, that a Rule 60(b)(4) motion is not a substitute for an appeal, and that such a motion "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard").

5

cause of action." (citation to quoted case omitted)); see also Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 610 (3d Cir. 2020) (explaining that (a) "judgment on the merits" is a term of art that "is confusing because it does not require an actual verdict or summary judgment," and (b) that "[t]he on-the-merits requirement is better understood in terms of its functional equivalent: whether a dismissal is *with prejudice*"); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (indicating that leave to amend need not be granted if amendment would be futile).[6]  Accordingly, and because Fink's appellate briefing raises no meritorious issues,[7] we will affirm the District Court's judgment.[8]

---

[6] We agree with the District Court that, "[s]imply because [Fink's 2020 complaint] has asserted some new factual allegations and a new legal theory does not mean claim preclusion is inapplicable."  Dist. Ct. Op. entered Aug. 16, 2021, at 11; see Beasley, 14 F.4th at 231-32; Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 173-74 (3d Cir. 2009).

[7] Although Fink believes that each of the District Judges who has presided over aspects of his litigation is biased against him, we see no evidence of any such bias.  See generally Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias").

[8] We grant the request of Appellees J. Philip Kirchner and Flaster Greenberg, P.C., to supplement the appendix with a copy of Fink's 2020 complaint.  We also grant Fink's request to supplement the appendix with copies of certain District Court orders that were entered in one of his four previous cases and referred to in his 2020 complaint.  To the extent that Fink's supplemental appendix also includes copies of our affirmance and denial of rehearing and rehearing en banc in C.A. No. 20-3572 — rulings that came after Fink filed the present appeal — we may take judicial notice of those rulings for the purpose of resolving this appeal.  See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 164 n.15 (3d Cir. 2004) ("[W]e recognize that we have the power to take judicial notice of subsequent developments in related proceedings since the appeal in each case was filed." (alteration in original) (citation to quoted case omitted)).  To the extent that Appellees Kirchner and Flaster Greenberg seek to supplement the appendix

with copies of those same rulings from C.A. No. 20-3572, that request is denied as duplicative.  As for Fink's October 25, 2021 request to file an "affidavit" that, inter alia, references C.A. No. 20-3572, that request is granted, and we liberally construe that affidavit as a supplement to his contemporaneously filed opening brief in the present appeal.  To the extent that any party seeks any other relief from this Court, that relief is denied.